IN RE CONDEMNATION OF REAL ESTATE IN BLOCKS 13, 14 AND 15, KOEHLER'S SUBDIVISION, CITY OF GRAND ISLAND. SALLIE NAGLE, APPELLEE, v. CITY OF GRAND ISLAND, APPELLANT.

12 N. W. 2d 540

FILED DECEMBER 21, 1943. No. 31652.

*C. E. Cronin*, for appellant.

*A. J. Luebs, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, CHAPPELL, and WENKE, JJ., and POLK and NUSS, District Judges.

WENKE, J.

This is a condemnation proceeding by the city of Grand Island under the provisions of section 16-602, Comp. St. 1929, to acquire certain property within the city of Grand Island for park purposes. From an award of the appraisers, Sallie Nagle, owner of a part of the property, appealed to the district court for Hall county. From an order of the district court dismissing the action, the city has appealed.

That the establishment of the park within the corporate limits of the city was strictly of local concern and that the city of Grand Island has the right to take the property for park purposes under the power of eminent domain is without question.

The question presented here is whether or not the procedure for condemning this property under the power of eminent domain is a matter of state-wide concern so that when the legislature provided a procedure therefor, as it did in section 16-602, Comp. St. 1929, for cities of a certain class, which class includes Grand Island, such statutory enactment is controlling and the charter provisions of the city, which provide for condemnation as by railroad companies, being chapter 74, art. 3, Comp. St. 1929, must yield thereto.

Grand Island adopted a home rule charter in 1928 and under the provisions of section 2, art. XI of the Constitution, its charter must be consistent with and subject to the Constitution and laws of this state. Such cities may provide for the exercise of every power, not contravening constitutional inhibitions, connected with a proper and efficient government of the municipality, but are subject to the general laws of the state, except as to municipal matters of strictly local concern. When the legislature has enacted a law affecting municipal affairs, but which are also of state-

wide concern, such law takes precedence over any provisions in a home rule charter and the provisions of the charter must yield. This same principle is set forth in *Axberg v. City of Lincoln*, 141 Neb. 55, 2 N. W. 2d 613: "The purpose of the home rule charter provision of the Constitution was to render the cities adopting such charter provisions as nearly independent of state legislation as was possible. Under it a city may provide for the exercise of every power connected with the proper and efficient government of the municipality where the legislature has not entered the field. Where the legislature has enacted a law affecting municipal affairs, but which is also of state concern, the law takes precedence over any municipal action taken under the home rule charter. But where the legislative act deals with a strictly local municipal concern, it can have no application to a city which has adopted a home rule charter. Whether or not an act of the legislature pertains to a matter of local or state-wide concern becomes a question for the courts when a conflict of authority arises."

Eminent domain is the right or power to take private property for a public use. It belongs to the state and it may be exercised either directly by the legislature or through the medium of corporate bodies, which includes municipalities, or of individual enterprises to whom it sees fit to delegate such power in the public's interest. While this power may be delegated, it belongs to the state and subject to its control and regulation and is a matter of state concern. Condemnation is the procedure whereby this power is exercised. The exercise thereof may affect every property owner of the state in the matter of his property being taken for a public purpose and fixing the compensation he is to receive therefor.

Uniformity of this procedure, since it may affect every person in the matter of the ownership of his property and the compensation he is to receive, is a matter of state-wide concern and not of strictly municipal or local concern. We have therefore come to the conclusion that the statute providing for condemnation procedure is a matter of state-

wide concern applicable in all cities within the class therein designated, which includes the city of Grand Island, whether they be home rule cities or not and the provisions of the home rule charter of the city of Grand Island must yield thereto.

The action of the lower court in dismissing the action was in error and is reversed with directions that the action continue under section 16-602, Comp. St. 1929.

REVERSED.