RAYMOND W. REID ET AL., APPELLANTS, v. THE CITY OF OMAHA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

34 N. W. 2d 375

Filed October 28, 1948. No. 32414.

*G. H. Seig,* for appellants.

*Fraser, Connolly, Crofoot & Wenstrand, Edward F. Fogarty, Edward L. Sklenicka, James M. Paxson,* and *Herbert M. Fitle,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

Plaintiffs brought this action against the metropolitan city of Omaha, its mayor and council, the Cassel Realty Company, the Metcalfe Construction Company, corporations, and Theodore W. Metcalfe, to obtain a judgment finding and declaring the acquisition by the city of a 20-acre tract of land referred to as Krug Park to be ultra vires, illegal, and void. The defendant city and members of its council demurred specially to the plaintiffs' third amended petition, challenging the plaintiffs' right to maintain the action and the jurisdiction of the court to entertain it. By agreement of the parties the special demurrers were overruled. The city of Omaha and the members of the city council demurred generally to the third amended petition of the plaintiffs. The general demurrer was sustained. Upon the overruling of the motion for new trial, plaintiffs appeal.

Plaintiffs contend the trial court erred in sustaining the general demurrer and dismissing plaintiffs' action, and that its judgment in such respect was contrary to law.

The sole question to be determined in this appeal is whether or not the plaintiffs' third amended petition states a cause of action. This requires an analysis of the petition under the well-established rule as follows: A general demurrer admits all allegations of fact in the pleading to which it is addressed, if the allegations are issuable, relevant, material, and well pleaded, but does

not admit the pleader's conclusions, except if supported by, and necessarily resulting from, the facts pleaded. See Richter v. City of Lincoln, 136 Neb. 289, 285 N. W. 593.

The defendant city in its brief sets forth briefly the prayer of the petition, presumably for the purpose of calling attention to the extent of the relief prayed. In this connection the following authority applies: "A demurrer to a petition only lies to the statement of facts constituting the supposed cause of action, not to the prayer for relief, which may be much in excess of what those facts warrant the court to grant." Burnham v. Bennison, 121 Neb. 291, 236 N. W. 745.

The petition alleges that the plaintiffs are property owners and taxpayers of the metropolitan city of Omaha. The city of Omaha is operating under a home rule charter adopted by vote of the electors July 18, 1922. The mayor, council, and other officers of the city and defendants to the action are properly identified. The petition sets out the boundaries of the 20-acre tract commonly referred to as Krug Park, and alleges it was gradually abandoned and was zoned for residential purposes, as appears in the case of Cassel Realty Co. v. City of Omaha, 144 Neb. 753, 14 N. W. 2d 600. Plaintiffs further allege that relying upon the representations made by the position assumed by the city in the afore-cited case, they acquired property interests adjacent to the tract of land involved, and expended large sums of money in developing and using the same for residential purposes.

While it is indicated in the defendants' brief that the plaintiffs acquired no vested rights by virtue of the zoning for residential purposes, for the reason that a city may acquire land in a residential district for park purposes and if need be the zoning ordinance could be amended at any time to meet such a situation, we deem that this proposition has no particular significance in determining this appeal.

The petition further alleges that the defendant mayor and other persons conceived a plan to acquire the tract

of land in question for public use by the city as a park or recreational center, and to subsequently install the necessary appurtenances incident thereto. Failing to obtain approval or support of the plan from a majority of the members of the city council or the residents affected thereby, and being unable to acquire said tract of land legally in the manner provided by law, the defendant mayor solicited and received, directly and indirectly, from various persons, some of whom were licensees and city contractors, and corporations, sums of money totaling $30,000. This money he delivered to the city comptroller who in turn deposited it with the city treasurer, and the city paid said amount to the defendants Theodore W. Metcalfe and the Cassel Realty Company on October 31, 1945, and obtained from the Cassel Realty Company a warranty deed to the land which was recorded with the register of deeds. The plaintiffs allege further that such acts on the part of the defendant mayor and the officers of the city constitute a violation of the home rule charter amendment of the city adopted by vote of electors May 3, 1927, which will be set out as occasion requires in the discussion of this appeal, and were also in violation of the home rule charter, section 14-224, R. S. 1943, which will be set out and discussed subsequently in the opinion.

The petition further alleges that the money so solicited and turned over to the city treasurer did not constitute a gift, or gifts thereof, for the reason that different representations and promises were made to the contributors as to the purpose for which the money would be used, and was obtained from persons from whom such contributions were unauthorized by the city charter, and that therefore the acts of the mayor in such respect were contrary to public policy, ultra vires and void. It further alleges, if said amount could be considered to be a gift, it became the duty of the city council to submit the matter to the planning commission of the city for its recommendation, as required by section 14-374, R. S. 1943.

Other allegations are to the effect that a large amount

of money will be spent in the construction and maintenance of such tract of land as a public park; that the tract of land is not of the value of $30,000; and that the plaintiffs, as taxpayers, have an interest in such expenditures and the value of the property purchased for the benefit of the public for park purposes.

In 1922, the metropolitan city of Omaha adopted as its home rule charter, chapter 116, Laws of 1921, in toto, under the provisions of article XI, section 5, of the Constitution of the State of Nebraska. The original home rule charter and amendments adopted thereto pursuant to constitutional authority appear in chapter 14, Revised Statutes 1943. In the opinion we will refer to the sections as the same appear in the Revised Statutes 1943. Strictly speaking, such sections of the statutes are not applicable to the city of Omaha as such, but as provisions of its home rule charter. We will have occasion to make reference to the Omaha charter amendment appearing as a note in volume 1, Revised Statutes 1943, p. 490 as such, in addition to the sections of the statute pertinent thereto.

It will be noted that plaintiffs' petition alleges noncompliance of the city with section 14-224, R. S. 1943, and a violation thereof. This section provides in part: "The mayor and councilmen and all other officers, agents and employees of the city are prohibited from soliciting or receiving, directly or indirectly, any contribution of money or supplies of whatsoever kind, or any valuable or special privilege at the hands of any city contractor, or his agents, or from any franchised municipal corporation for any purpose whatsoever, * * *."

The defendant city contends that it is not prohibited by any rule of law or public policy from accepting or soliciting gifts through its officers from anyone, including licensees or city contractors.

Referring to the petition, it alleges in substance that the mayor of defendant city did solicit or receive, directly and indirectly, contributions of money from city con-

tractors, or their agents, for the purpose of acquiring the Krug Park tract of land for public purposes; that a part of the funds solicited from city contractors was included in the $30,000 which was solicited or received by the defendant mayor and used to purchase said tract of land. The defendants contend that the intent of the statute is to condemn the use of public offices for illicit gain, and not to limit the opportunities of public servants to help their communities by praiseworthy efforts above and beyond the call of duty. The language of the statute is clear and definite. It specifically prohibits the officers therein named from soliciting or receiving, directly or indirectly, "any contribution of money * * * at the hands of any city contractor, or his agents, * * * for any purpose whatsoever, * * *." Thus, it condemns the act of the city official, and not the purpose of the donor.

Defendants further contend that their acquisition of the Krug Park tract of land for park purposes constitutes a gift of real estate, and the funds contributed for such use were impressed with a trust and could be used for no other purpose. The petition alleges in substance that the various sums of money totaling $30,000, so solicited by the defendant mayor and turned over to the city treasurer as hereinbefore appears, were not a gift or gifts. We make reference to the petition as to the manner by which the contributions were obtained.

Other allegations of the petition are to the effect that different representations and promises were made to the contributors as to the purposes for which the money so contributed would be used, and as to the kind and type, or character of the park or playgrounds. The petition therefore indicates that there was complete lack of mutuality, understanding or agreement, and under such situation the contributions were not voluntarily made for a specific purpose.

The petition alleges that the tract of land in question was acquired by purchase by the city. No declaration

of a gift of land to the city appears in the petition. It is true that a city may acquire a tract of land as a gift for park purposes. In this connection we make reference to section 14-407, R. S. 1943, which in substance provides for a board known as the city planning commission, which shall acquire or prepare a city plan and have power to carry out and maintain said plan after its adoption by the city council and as provided for in section 14-373, R. S. 1943.

Section 14-374, R. S. 1943, provides in part: "Each city of the metropolitan class acting through its council and upon recommendation of such city planning commission shall have the power to acquire by gift, purchase or condemnation, real estate for establishing, * * * parks, playgrounds, * * *."

Plaintiffs' petition alleges that the foregoing statutory provisions were not complied with and were violated, even assuming the amount contributed be considered to be a gift. The petition alleges that the matter was not submitted to the city planning commission, nor was its recommendation received. It is apparent the plaintiffs' petition states a cause of action in such respect.

The Omaha charter amendment, adopted May 3, 1927, provides in part: "The city council may purchase or acquire by the exercise of the powers of eminent domain, in this section granted, private property * * * for * * * parks, parkways, playgrounds, * * * and for other needed public uses or purposes authorized by this act, and for the purpose of adding to, enlarging, widening or extending any of the foregoing named. * * * Whenever property is purchased for any of the purposes above stated and as in this act provided, the purchase thereof shall be made by ordinance." Section 14-366, R. S. 1943, is analogous to the foregoing.

Section 14-367, R. S. 1943, provides in part: "Whenever property is purchased for any of the purposes stated in section 14-366 (for parks, playgrounds) the purchase thereof shall be made by ordinance. When-

ever it becomes necessary to appropriate property for the purposes stated in said section the purpose and necessity for such appropriation shall be declared by ordinance. Thereupon the council shall appoint three disinterested freeholders of the city, who, after having been duly sworn to perform the duties required of them by this act with fidelity and impartiality, shall give reasonable notice to the owners and parties interested in the property to be appropriated, of the time and place of the hearing thereof. After such notice and hearing, they shall appraise and assess damages sustained in the taking of such property by the owners and the parties interested therein respectively, and make awards respectively of such damages. The appraisers shall thereupon report such appraisal and award to the city council for its action thereon. If the award is confirmed it shall be paid in as in this act provided, but if rejected, proceedings anew may be commenced."

Section 14-368, R. S. 1943, provides in part as follows: "If it is confirmed, then the payment of the award shall be made as in this act provided. For the purpose of making payments thereof, special taxes and assessments shall be levied on the properties especially benefited by the improvement and to the extent of the benefits thereby conferred, and if such levy be insufficient to pay the full cost of the improvement then the city council may issue bonds of the city, to the extent of the excess of the cost of the improvement over the fund provided by special assessments, distributing payments from bonds equitably and pro rata among the respective awards."

The plaintiffs allege in their petition that the defendant city did not comply with the amendment to the home rule charter and the statutes pertinent thereto hereinbefore set out but, through its officers, violated the same; that the defendant city acquired the tract of land for park purposes by purchase and, having so acquired by purchase, the foregoing cited provisions of the city char-

ter govern the action of the city in such respect; and that the same were violated and not complied with for the reason that when land is acquired by purchase for park purposes there must be an ordinance passed, as required by law, further, there must be an appraisement made and notice of hearing given owners and parties interested in the property to be appropriated, none of which was done by the defendant city in the instant case. The defendant city contends the afore-cited provisions of the home rule charter govern the acquisition of property for certain public purposes and authorize the expenditure of tax money therefor and the issuance of bonds in payment thereof under certain circumstance; that when the electors adopted the foregoing provisions of the home rule charter it is apparent they did not contemplate to foreclose or bar the right of the city to be the recipient of private benefactions; nor do such provisions apply to a case where funds are contributed for the purpose of purchasing a specific tract of land for park purposes. Under the allegations of plaintiffs' petition as hereinbefore summarized, we conclude a cause of action is stated.

The following authorities are applicable to this appeal: "A municipal corporation is a creature of the law established for special purposes, and its corporate acts must be authorized by its charter and other acts applicable thereto, and therefore possesses no power or faculties not conferred upon it, either expressly or by fair implication, by the laws which created it or by other laws, constitutional or statutory, applicable to it.

" 'The power conferred upon municipal corporations by their charters to enact ordinances on specified subjects is to be construed strictly, and the exercise of the power must be confined within the general principles of the law applicable to such subjects.' * * *." Falldorf v. City of Grand Island, 138 Neb. 212, 292 N. W. 598.

"Where a certain power is conferred upon a municipality and the method of its exercise is prescribed, such

method constitutes the measure of the power." Consumers Coal Co. v. City of Lincoln, 109 Neb. 51, 189 N. W. 643.

Having concluded that the plaintiffs' third amended petition states a cause of action for the reasons heretofore given, we have determined the sole proposition submitted on this appeal. It is not for us to determine at this time whether or not on the issues joined or trial had the law has been complied with by the city in every respect with reference to the acquisition of the 20-acre tract of land for park purposes. We reverse the judgment of the trial court and remand the cause with directions to overrule the general demurrer.

REVERSED AND REMANDED WITH DIRECTIONS.