JESSE E. SPENCER ET AL., APPELLANTS, V. VILLAGE OF WALLACE, NEBRASKA, ET AL., APPELLEES.

45 N. W. 2d 473

Filed January 5, 1951. No. 32868.

*Beatty, Clarke, Murphy & Morgan,* for appellants.

*Crosby & Crosby,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellants sought an injunction to prevent appellees from attempting to appropriate, by condemnation for airport purposes, land of appellants as authorized by

the provisions of an ordinance of the Village of Wallace, Nebraska.

The district court denied appellants relief and dismissed the case. This is an appeal from the judgment of dismissal.

The facts are stipulated. Appellants are the owners and in possession of the southwest quarter of Section 14, Township 10 North, Range 34 West of the 6th P. M., in Lincoln County, Nebraska. The inhabitants of the Village of Wallace do not exceed one thousand. It is organized as an incorporated village and its charter is the statutes of the state relating to villages. It desired to acquire for airport purposes the land of appellants, and had unsuccessfully negotiated with them for the purchase of it. Thereafter the village, in the manner and form provided by law, passed and published an ordinance purporting to appropriate and condemn the land for the purposes stated, appointing appraisers to assess the damage to appellants because of the appropriation, fixing the time and place of the meeting of the appraisers, the assessment of the damage by them, and the making of a report thereof, providing for publication of the ordinance and delivery of a copy of the paper in which the publication was made to each of the owners of the land who resided and were found in the village. Wallace was the only municipality in any manner interested, involved, or concerned in the acquisition of the real estate. The appraisers named in the ordinance would have at the time, place, and in the manner stated therein, viewed the real estate and made and returned to the village in writing an assessment of damage sustained by appellants by reason of the appropriation of the real estate, if they had not been prevented by order of the court in this case. The village intended to take possession of the premises, to dispossess appellants therefrom, and to deprive them of the use thereof by the exercise of the power of eminent domain by causing condemnation thereof as provided

by the ordinance at as early a time as could lawfully be done. It had secured approval by the Civil Aeronautics Administration of the real estate for the airport site.

The Village of Wallace asserts the only procedure available to it to appropriate real estate, against the wishes of the owners thereof, for airport purposes is that provided for cities of the first class authorizing them to condemn real estate for public purposes. §§ 16-602 to 16-604, R. S. 1943. It claims this results from the provisions of the Revised Airports Act. §§ 3-201 to 3-238, R. S. Supp., 1949. It instituted and conducted the proceedings involved in this case on that basis until this litigation intervened to stay them.

The Revised Airports Act contains these provisions: "Property needed by a municipality for an airport * * * or for other airport purposes may be acquired by purchase, * * * or other means, if such municipality is able to agree with the owners of said property on the terms of such acquisition, and otherwise by condemnation in the same manner as is provided by sections 16-602 to 16-604, full power to exercise the right of eminent domain for such purposes being hereby granted every municipality both within and without its territorial limits. If but one municipality is involved and the charter of such municipality prescribes a method of acquiring property by condemnation, proceedings shall be had pursuant to the provisions of such charter and may be followed as to property within or without its territorial limits." § 3-203, R. S. Supp., 1949. Municipality is defined in the act as village, city, or county. § 3-201, R. S. Supp., 1949.

The method of condemnation by cities of the first class requires that: "When it shall become necessary within or without the city to appropriate private property for the use of the city, such appropriation shall be made by ordinance. There shall be appointed by the council, in the ordinance making the appropriation, three

disinterested freeholders of the city to assess the damages, * * *. They shall meet at the time and place fixed in such ordinance, and, * * * shall on the same day view the property appropriated, and on the same day, or as soon thereafter as practicable, make, sign and return to the city clerk in writing a just and fair assessment of the damages for each piece or lot of property, the whole or part of which is so appropriated." § 16-602, R. S. 1943.

The charter of an incorporated village prescribes a method of acquiring property by condemnation: "* * * villages shall have power * * * to take private property for public use * * *. The power of eminent domain shall be exercised in the manner provided for condemnation proceedings by railway companies." § 17-559, R. S. 1943.

The manner of condemnation by railway companies is by proceedings in county court, notice to and the right of all interested parties to be heard at the time the damages are assessed for the appropriation, the right of appeal to the district court and a trial of all claims and rights de novo, and a right of appeal to this court. § 74-309, R. R. S. 1943.

The position of appellants is that only one municipality, the Village of Wallace, is involved and concerned in acquiring the real estate in this instance, that the charter prescribes a method of acquiring property by condemnation, that the part of the Revised Airports Act that provides if but one municipality is involved and its charter prescribes a method of acquiring property by condemnation the proceedings shall be as provided by its charter is controlling and mandatory, and that the attempted condemnation herein is void. Appellants say the village may only acquire the real estate for the desired purpose by condemnation proceedings as provided by its charter. § 17-559, R. S. 1943.

Appellees contend that the language of the Revised Airports Act that "If but one municipality is involved

and the charter of such municipality prescribes a method of acquiring property by condemnation, proceedings shall be had pursuant to the provisions of such charter," (§ 3-203, R. S. Supp., 1949), refers to and includes only a municipality that has adopted and has a home rule charter; and that all other municipalities may only condemn property for airport purposes by complying with sections 16-602 to 16-604, R. S. 1943.

A determination that an incorporated village may not condemn real estate for airport purposes by virtue of the provisions of the statute authorizing condemnation by cities of the first class, where it alone is interested in acquiring the real estate and its charter provides a different method of procedure for acquiring property by condemnation will be decisive of this case.

All the rights, powers, and authority granted by the act may be exercised by a village, city, county, or the state. §§ 3-201 and 3-221, R. S. Supp., 1949. The power of a municipality by virtue of this act to condemn real estate for airport purposes may be exercised jointly by two or more municipalities within or without the territorial limits of either or any of them, or within or without the State of Nebraska, or by the State of Nebraska or any municipality in the state jointly with some other state or a municipality in some other state. §§ 3-221 and 3-222, R. S. Supp., 1949. Two or more municipalities may agree with each other for joint action in establishing an airport (§ 3-223, R. S. Supp., 1949), and for joint ownership and operation of airports. § 3-224, R. S. Supp., 1949. It is provided that: "Condemnation proceedings shall be instituted, in the names of the municipalities jointly, and the property acquired shall be held by the municipalities as tenants in common. The provisions of subdivision (2) of section 3-203 shall apply to such proceedings." § 3-229, R. S. Supp., 1949. Subdivision (2) referred to in the quotation (Laws of Nebraska 1945, c. 34, § 2, p. 157) is now section 3-203 of the act.

It is certain that if two municipalities of different classes, such as a village and a city of the first class, were to be authorized to jointly appropriate real estate for airport purposes, additional legislation would be required to provide by what method it might be accomplished. Otherwise it would not be certain whether it should be done by complying with the condemnation statute relating to a village, or the one in reference to cities of the first class, or neither of them, or at all. Inherent in this legislation was the necessity for a method for condemnation applicable to any situation resulting from the rights created thereby and not then provided for by the laws of the state.

If a county and a village were to seek appropriation of real estate for airport purposes, as the terms of the act provide they may, in the absence of provisions to accomplish it, resort could not be made to either the statute allowing the county to condemn (§ 23-326, R. S. Supp., 1949), or the one conferring the power upon the village (§ 17-559 R. S. 1943, and § 74-309, R. R. S. 1943) with any confidence or certainty of correctness of procedure or result. The former requires the county judge to select and designate three appraisers to determine and assess the damage resulting from a condemnation by the county and the latter provides for the appointment of six appraisers by the county judge to fix the damage caused by an appropriation by the village.

If the state should desire to condemn real estate jointly with a village, the difficulty would be that the state is required to file a plat in the office of the clerk of the district court of the county where the land lies, and the Governor shall then appoint six disinterested freeholders, residents of the state, not more than two of whom shall be residents of the county, as appraisers, (§ 83-602 et seq., R. R. S. 1943) but the procedure for villages requires that six disinterested freeholders be appointed by the county judge, and all of them must be residents of the county. § 17-559, R. S. 1943 and 74-309, R. R. S. 1943.

If the construction urged by appellees was adopted, Hastings, a city of the first class without a home rule charter, would be required under the first sentence of section 3-203, R. S. Supp., 1949, to condemn real estate for an airport site by resort to the method provided by statute for a city of that class, but Grand Island, a city of the same class with a home rule charter, is enjoined by the act to proceed in accordance with its charter, a thing it is prohibited from doing by determination made by this court about two years before the Revised Airports Act was passed, that condemnation is a matter of state concern and in all cities of the first class the procedure therefor must be uniform and charter provisions must give way to the general laws governing it. Nagle v. City of Grand Island, 144 Neb. 67, 12 N. W. 2d 540.

This act authorizes a village, city, county, and the state to jointly appropriate real estate for the purposes recited therein. It would be impossible to have a lawful and effective condemnation without a provision specifying a method therefor. Similar situations to those above supposed might be multiplied but what has been said is sufficient to demonstrate the reason that it is provided in the first sentence of the act that property needed by a municipality for an airport or for other airport purposes may be acquired by purchase if possible, otherwise by condemnation in the manner provided by sections 16-602 to 16-604, full power to exercise the right of eminent domain being granted for such purposes. § 3-203, R. S. Supp., 1949. The word "municipality" in this sentence was intended to and may include more than one municipality as defined in the act. It is permissible and not infrequent to construe words in the plural number to include the singular, and vice versa. § 49-802, R. S. Supp., 1949. The authority granted by this act to resort to sections 16-602 to 16-604, R. S. 1943, is limited to (1) joint condemnation of real estate for airport purposes by two or more municipalities, or (2) condemnation of real estate for airport purposes by

one municipality, the charter of which does not contain a method of taking property by the exercise of eminent domain.

It is also clear and certain that it was not intended to interfere with the existing statutory method of condemnation in all instances free from complications arising from the unusual and broad grants of power made by the act. This is evidenced by the second sentence thereof that "If but one municipality is involved and the charter of such municipality prescribes a method of acquiring property by condemnation, proceedings shall be had pursuant to the provisions of such charter * * *." § 3-203, R. S. Supp., 1949. The Village of Wallace is the only municipality concerned in the taking of the property. Its charter furnishes a method of acquiring private property needed by it for any public purpose, and the Revised Airports Act is unmistakable in its mandate that proceedings by the village to condemn real estate for an airport "shall be pursuant to the provisions of such charter * * *." This is plain, unambiguous, and mandatory. Proceedings to subject the property of another for public use under the doctrine of eminent domain must be conducted in the manner prescribed by the statute delegating the power. State ex rel. Nelson v. Butler, 145 Neb. 638, 17 N. W. 2d 683; Goergen v. Department of Public Works, 123 Neb. 648, 243 N. W. 886; Consumers Public Power District v. Eldred, 146 Neb. 926, 22 N. W. 2d 188; State v. Several Parcels of Land, 79 Neb. 638, 113 N. W. 248; 29 C. J. S., Eminent Domain, § 215, p. 1140. In State ex rel. Nelson v. Butler, *supra*, this court said: "Since the power of eminent domain is an attribute of sovereignty and inherent in the state, only those agencies to whom the legislature has delegated the power can exercise the right and it must be exercised only on the occasion, in the mode or manner, and by the agency prescribed by the legislature."

The judgment of the district court should be, and is hereby reversed, with directions to the district court

to render and enter a decree in this case enjoining appellees, and all persons acting for them, and each of them, from in any manner going upon or interfering with the ownership, possession, and use of appellants of the real estate involved herein because of any action heretofore taken or proceedings had by the Village of Wallace, Nebraska, or at all, unless and until they have acquired by due process of law a right to do so.

REVERSED AND REMANDED WITH DIRECTIONS.