WILBUR L. VAN PATTEN ET AL., APPELLEES, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLANT.

94 N. W. 2d 664

Filed February 6, 1959. No. 34388.

*Herbert M. Fitle, Bernard E. Vinardi, Irving B. Epstein, Frederick A. Brown,* and *Donald H. Erickson,* for appellant.

*Gaines, Spittler & Moore,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action in condemnation brought by the city of Omaha. Wilbur L. and Phyllis L. Van Patten were the owners of the property when the proceedings began. The appeal here involves the correctness of a summary judgment granted by the trial court holding that the proceedings in condemnation were null and void. The city appeals.

This cause was argued and submitted to the court on June 4, 1958. On July 2, 1958, we set the cause down for reargument. We requested briefs on the question of the applicability of section 14-366, R. S. Supp., 1957, to the issue presented, and whether or not the

"upon recommendation" clause of section 14-374, R. R. S. 1943, applies also to the exercise of the powers granted by section 14-366, R. S. Supp., 1957. Briefs were filed. Reargument was had on September 16, 1958.

We reverse the judgment of the trial court and remand the cause for further proceedings.

We state the procedural and factual situation presented to the extent required to reach a decision in the matter.

On July 27, 1955, the city filed its petition in condemnation, describing three tracts of land all in Block 93, Original City of Omaha, and naming the Van Pattens as record owners and "joint tenants." The petition recited and attached ordinances of condemnation declaring the necessity of acquiring the property for street purposes from Tenth and Dodge Streets to Ninth Street and Capitol Avenue.

The county court appointed appraisers. The appraisers reported their proceedings and awarded damages.

The Van Pattens filed a motion to set aside the order appointing appraisers and the subsequent proceedings on the ground that two of the appraisers were not disinterested freeholders as required by section 76-706, R. S. Supp., 1953; for the further reason that two of the three tracts were not being appropriated for purposes authorized by statute; and for the further reason that as to one tract the proceedings were not in accord with section 14-366 to section 14-372, inclusive, R. R. S. 1943. In the alternative they moved for a dismissal of the proceedings. This motion was overruled.

The Van Pattens then appealed to the district court.

The Van Pattens, hereinafter called the plaintiffs, then filed their petition on appeal on December 28, 1955. In it they alleged and prayed for damages in the sum of $175,000 or that the proceedings be dismissed. In the petition they alleged that the proceedings were defective because (1) the appraisers were not qualified as required by law; (2) part of the property was not being

taken for public use; (3) the city had failed to enact the necessary ordinances; and (4) the county court in overruling the motion above set out had acted erroneously.

Pursuant to an order to make more definite and certain, the petition was amended but in matters not now important.

The city answered making certain admissions and, so far as important here, denying generally.

Plaintiffs then on June 11, 1956, filed a motion for summary judgment on the ground that the appraisers were not disinterested freeholders, and alleging a defect in the condemnation ordinance as to one tract. This motion was overruled July 23, 1956. It is not the motion directly involved in this appeal.

On September 18, 1957, the plaintiffs filed a motion to permit an amendment to the allegations of their petition that the condemnation proceedings were defective alleging that: "No recommendation of the City Planning Commission has been given or obtained, as required by R. R. S. 1943, 14-374."

On October 9, 1957, plaintiffs filed a motion for summary judgment on the ground that the condemnation proceedings were void because of failure to meet the requirements of section 14-374, R. R. S. 1943. This motion was supported by affidavit of plaintiffs' counsel. They moved for a dismissal of the proceedings. This is the motion directly involved in this appeal.

On October 11, 1957, the court sustained the motion to amend, which was done by interlineation.

Hearings on the motion for summary judgment began on October 29, 1957. On November 8, 1957, an additional affidavit was filed by the plaintiffs. The city on November 21, 1957, filed an affidavit as to the minutes of the Omaha Improvement Commission showing approval of the construction of the street through the property here involved.

On November 22, 1957, the trial court sustained the

motion for summary judgment on the ground that at no time had the city planning commission given its recommendation for such condemnation as required by section 14-374, R. R. S. 1943. It declared the proceedings null and void. The city filed a motion for a new trial which was overruled on December 4, 1957. The cause was appealed and the transcript filed here on January 14, 1958.

The evidence of the plaintiffs to sustain their position went generally to that of their attorney, the deputy city clerk, the secretary of the planning commission, and another witness that they had searched the records and could find no record of any recommendation of the city planning commission for the acquisition of the property here involved. Admittedly some of this evidence was limited as to scope in time covered and extent of search. The city's evidence went to the introduction of a charter amendment showing the creation of the Omaha Improvement Commission and the contention that it repealed the provisions of section 14-374, R. R. S. 1943, and that the Omaha Improvement Commission had given its approval.

On January 24, 1958, during term time, the city filed a motion to set aside the summary judgment and for a new trial on the ground of newly discovered evidence to the effect that the city planning commission had in fact on December 15, 1948, approved the construction of a major street plan which included the property here in question. Hearing was had on this motion. The city offered evidence to the effect that the city planning commission had approved a limited access highway beginning at Tenth Street and Capitol Avenue and running thence generally north for some distance to the airport. However, as admitted by the city at the hearing, the highway as approved stopped "a block short of the property in question." The court overruled this motion.

The supplemental transcript was filed here on March 7, 1958.

The parties here extensively brief many questions of

both adjective and substantive law. The importance of the basic issue here is such that we invoke the rule that we may at our option notice plain errors not assigned. Rule 8a2(4), Revised Rules of the Supreme Court.

In the pleadings and the briefs reference is made to the state statutes, with the exception of the evidence having to do with the Omaha Improvement Commission where the charter amendment is in evidence.

In 1922 the city of Omaha adopted as its home rule charter, Chapter 116, Laws 1921, in toto, under the provisions of Article XI, section 5, of the Constitution of Nebraska. See Papke v. City of Omaha, 152 Neb. 491, 41 N. W. 2d 751. As will be pointed out, this chapter included the statutory provisions to be presently considered. Threaded through the argument here is the assumption that the home rule charter controls, although as such it is not in this record and we have no way of determining its provisions as they existed at the time here involved.

In Nagle v. City of Grand Island, 144 Neb. 67, 12 N. W. 2d 540, we held that the procedure in condemnation is a matter of state-wide concern: "When the legislature has enacted a law affecting municipal affairs, but which are also of state-wide concern, such law takes precedence over any provisions in a home rule charter and the provisions of the charter must yield. * * * Eminent domain is the right or power to take private property for a public use. It belongs to the state and it may be exercised either directly by the legislature or through the medium of corporate bodies, which includes municipalities, or of individual enterprises to whom it sees fit to delegate such power in the public's interest. While this power may be delegated, it belongs to the state and subject to its control and regulation and is a matter of state concern. Condemnation is the procedure whereby this power is exercised. The exercise thereof may affect every property owner of the state in the matter

of his property being taken for a public purpose and fixing the compensation he is to receive therefor.

"Uniformity of this procedure, since it may affect every person in the matter of the ownership of his property and the compensation he is to receive, is a matter of state-wide concern and not of strictly municipal or local concern."

In State ex rel. Nelson v. Butler, 145 Neb. 638, 17 N. W. 2d 683, we held that: "* * * since the power of eminent domain is an attribute of sovereignty and inherent in the state, only those agencies to whom the legislature has delegated the power can exercise such right and it must be exercised only on the occasion, in the mode or manner, and by the agency prescribed by the legislature."

In Spencer v. Village of Wallace, 153 Neb. 536, 45 N. W. 2d 473, we held that: "* * * condemnation is a matter of state concern and in all cities of the first class the procedure therefor must be uniform and charter provisions must give way to the general laws governing it." See, also, State ex rel. Martin v. Cunningham, 158 Neb. 708, 64 N. W. 2d 465; Omaha Parking Authority v. City of Omaha, 163 Neb. 97, 77 N. W. 2d 862.

Obviously we are dealing here with a matter of state-wide concern. The statutes control.

We go to the question as to whether or not plaintiffs are entitled to judgment as a matter of law under the provisions of section 25-1332, R. R. S. 1943.

Section 14-373, R. R. S. 1943, provides in part: "In each city of the metropolitan class there shall be a board known as a city planning commission. Said commission shall acquire or prepare a city plan and shall have power to carry out and maintain said city plan after its adoption by the city council."

Section 14-374, R. R. S. 1943, upon which plaintiffs rely, provides in part: "Each city of the metropolitan class acting through its council upon recommendation of such city planning commission shall have the power

to acquire by gift, purchase or condemnation, real estate for establishing, laying out and enlarging, waterways, streets, bridges, boulevards, parkways, parks, playgrounds, sites for public buildings, and property for administrative, institutional, educational, and all other public uses, for reservations in and about and along and leading to any or all of the same."

Section 14-373, R. R. S. 1943, provides that the city planning commission shall acquire or prepare a city plan and shall have power to carry out and maintain said city plan after its adoption by the city council. The section is limited to a "city plan" after its "adoption by the city council." Obviously until the plan is adopted, the planning commission is advisory to the city council, and the efficacy of its city plan depends on its being adopted by the city council. Such is the plain language of the act.

Neither section 14-373, R. R. S. 1943, nor section 14-374, R. R. S. 1943, places any requirement as to the time that may elapse between the preparing of the plan and its adoption by the council on the recommendation of the city planning commission, and action by the city council in implementing the plan.

It is patent that section 14-374, R. R. S. 1943, applies to an action within the provisions of the city plan of the planning commission that has been adopted by the city council for it is given authority only as to the city plan. The recommendation provision of the city planning commission as stated in section 14-374, R. R. S. 1943, relates itself to the "shall have power to carry out" clause in section 14-373, R. R. S. 1943. That is its obvious primary purpose for the act does not directly refer to any other procedure of the planning commission for that purpose. It is also patent that the primary purpose of the recommendation provision of section 14-374, R. R. S. 1943, is not for the protection of the landowner, for it relates not only to the unwilling condemnee but also to

the generous donor and the willing vendor of real property.

It should be noted that this record contains no showing as to a city plan and no showing as to the adoption of the city plan by the council save the segmented portion relating to the arterial highway here involved.

We do not deem it necessary to decide whether the approval of the city planning commission was sufficient to meet the "recommendation" provision of section 14-374, R. R. S. 1943.

If, as plaintiffs contend, the land here involved is not within the provisions of the city plan as approved by the planning commission (assuming that there was such a plan which had been adopted by the city council), then plaintiffs are not entitled to judgment as a matter of law unless the provisions of section 14-374, R. R. S. 1943, apply to all powers of condemnation of real estate for the establishment of streets. This, however, as we point out would be a conclusion contrary to the plain purpose of the two sections when construed together.

Section 14-366, R. R. S. 1943, as originally enacted, provided in part: "The city council may purchase or acquire by the exercise of the power of eminent domain private property or public property which is not at the time devoted to a specific public use, for the following purposes and uses: (1) For streets, alleys, avenues, parks, parkways, playgrounds, boulevards, sewers, public squares, market places, and for other needed public uses or purposes authorized by this act, and for adding to, enlarging, widening or extending of any of the foregoing; * * *."

This is a general, broad grant of power. It was enacted in 1921 as a part of the same section, article, and chapter which included what are now sections 14-373 and 14-374, R. R. S. 1943. See Laws 1921, c. 116, Art. III, §§ 57, 57a, 57b, pp. 457, 460, 461.

The established applicable rule is: It is the duty of the court, so far as practicable, to give effect to the lan-

guage of a statute and to reconcile the different provisions of it so they are consistent, harmonious, and sensible. State v. Luttrell, 159 Neb. 641, 68 N. W. 2d 332.

Applying this rule here we necessarily conclude that section 14-374, R. R. S. 1943, has applicability only to those condemnations within the provisions of a city plan that has been acquired or prepared by the city planning commission and which has been adopted by the city council as provided in section 14-373, R. R. S. 1943.

This conclusion is fortified by the fact that the 1955 Legislature amended section 14-366, R. R. S. 1943, so as to extend the scope of the eminent domain powers granted by it. See Laws 1955, c. 21, § 2, p. 99, now § 14-366, R. S. Supp., 1957.

This amendment constitutes the latest expression of the legislative will. See Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409. It brings the statute within the rule that the power of eminent domain may be delegated by the Legislature, but because it is a sovereign power the Legislature cannot divest itself of the power or deprive itself of the right to repossess or reclaim its primary prerogative to exercise the power as it sees fit within the limitations contained in the Constitution. State ex rel. Nelson v. Butler, *supra.*

It should also be pointed out that both as originally enacted (section 14-366, R. R. S. 1943), and as amended (section 14-366, R. S. Supp., 1957), the section specifically granted power to the city council to purchase or acquire by condemnation real property for the purpose of "extending" streets. Here the city was proceeding for the precise purpose of "extending" for a distance of one block the arterial highway to the airport. It was proceeding exactly and fully within the statutory grant of power contained in section 14-366, R. S. Supp., 1957.

Plaintiffs here place great reliance on our decision in Reid v. City of Omaha, 150 Neb. 286, 34 N. W. 2d 375, and contend that we there decided that condemnation for the purpose and under the circumstances here involved

must be made by the city council upon recommendation of the planning commission, and that the condemnation is invalid unless this requirement is satisfied.

The city cites Ash v. City of Omaha, 152 Neb. 393, 41 N. W. 2d 386. It contends that the two cases must be read together, and that when that is done they support the contentions of the city.

Reid v. City of Omaha, *supra,* came here on a general demurrer to plaintiffs' petition, presenting the question of whether a cause of action was stated.

It is to be remembered that section 14-366, R. S. Supp., 1957, specifically grants the power to acquire by "purchase" or "by the exercise of the power of eminent domain." Section 14-374, R. R. S. 1943, specifically grants the power to acquire "by gift, purchase or condemnation." That distinction must be kept in mind. In the opinion we said that plaintiffs' petition alleges "if said amount could be considered to be a gift, it became the duty of the city council to submit the matter to the planning commission of the city for its recommendation, as required by section 14-374, R. S. 1943." Later the opinion recites that the petition alleged that the tract of land was acquired by purchase and that no declaration of a gift to the city appeared in the petition. We then held: "Plaintiffs' petition alleges that the foregoing statutory provisions were not complied with and were violated, even assuming the amount contributed be considered to be a gift. The petition alleges that the matter was not submitted to the city planning commission, nor was its recommendation received. It is apparent the plaintiffs' petition states a cause of action in such respect." Reid v. City of Omaha, *supra.*

Plaintiffs contend that we there held that the recommendation of the city planning commission was required without regard to whether the city planning commission had acquired or prepared a plan involving the acquiring of the land there involved for park purposes

which had been adopted by the city council as specified in section 14-373, R. R. S. 1943.

The opinion is silent with reference to whether there was such a plan so adopted by the city council. The fact that it is not involved in the recital of allegations would indicate that it was not stressed as a matter for consideration.

Plaintiffs' premise could be correct if the Reid case alone is to be considered. However, the premise upon which plaintiffs rely disappears when Ash v. City of Omaha, *supra*, is considered. This opinion involves Reid v. City of Omaha, *supra*, after issues were made and trial was had.

We there pointed out that the city planning commission had approved and published a plan for the development of the land involved for playground and recreational purposes with a proviso not important here. The city council adopted the recommendation of the city planning commission. We held that the recommendation of the city planning commission was sufficient to meet the requirements of the city charter with reference to acquiring the land as a gift for park and playground purposes.

We restated our holding in Reid v. City of Omaha, *supra*, but conditioned its application to the obtaining of the recommendation of the city planning commission in those cases where there had been a city plan involving the precise project which had been adopted by the city council.

It is clear from both opinions that we were there dealing with a situation where there had been a city plan prepared by the city planning commission and adopted by the city council.

So construed the decisions in Reid v. City of Omaha, *supra*, and Ash v. City of Omaha, *supra*, are in harmony with our holding in the instant case.

It necessarily follows that the plaintiffs were not entitled to a judgment as a matter of law on the record

here made, and that the trial court erred in sustaining the motion for a summary judgment and in its rulings on the motion for a summary judgment, and on the motion for a new trial.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.