REQUESTED BY: Maurice S. Redmond, Dakota County Attorney, Dakota City, Nebraska.
Can a county and a village legally agree under the Interlocal Cooperation Act that the village will purchase a storage facility from the county at some future date at a predetermined purchase price, which price may be less than the fair market value for the property because the sale price computation does not include a provision for appreciation of the building in the meantime?
No, not without an affirmative vote of the electors of the village.
Section 17-953, Neb.Rev.Stat. (Reissue 1977), authorizes villages to purchase and erect public buildings, provided, before any such purchase can be made or building erected, the question must be submitted to the electors of such village at a general municipal election or an election duly called for that purpose and be adopted by a majority of the electors voting on such question.
The Nebraska Supreme Court has held consistently that `a municipal corporation is a creature of law established for special purposes, and its corporate powers and faculties must be conferred and its actions authorized, either expressly or by fair implication, by its charter or the laws which created it, or by other applicable laws, constitutional or statutory.' Falldorf v. City of Grand Island,138 Neb. 212; Reid v. City of Omaha, 150 Neb. 286.
Inasmuch as the foregoing statute clearly limits the exercise of the village authority in regard to the purchase of public buildings to an affirmative vote of the people, it could not be implied that such action could be carried out otherwise.
The Interlocal Cooperation Act contained in Neb.Rev.Stat. §§ 23-2201 through 23-2207 (Reissue 1977), as amended, and specifically section 23-2204, limits the powers which may be carried out jointly under the Interlocal Cooperation Act to those which a public agency has the authority to carry out acting singly.
It is therefore our opinion that whether or not a contract for the purchase of a public building by a village would be enforceable would depend upon such election to be held at a later time when the question of purchase arises. The county would have no assurance at this time that such a provision would be enforceable.
Should the village hold a favorable election as discussed above, the question then arises as to whether or not the county would have the authority to enter the agreement in question.
Since the agreement provides for the construction of a building by the county on land owned by the village, the statutes relating to the sale of real estate owned by a county are not applicable.
Section 23-105, Neb.Rev.Stat. (Reissue 1977), gives the county board the care and custody of all the real and personal estate within the county.
Section 23-120, Neb.Rev.Stat. (Reissue 1977), requires the county board to `erect or otherwise provide' necessary county buildings, and for that purpose may borrow money and issue the bonds of the county to pay for the same. Said statute further provides a limitation upon the appropriation that may be made in any one year, with a limitation of $25,000 in the smallest counties, for the complete erection or repair of any county building, without first submitting the proposition to a vote of the people.
The proposed expenditure in this contract is approximately $12,000. Even though the contemplated sale price does not provide for appreciation of the building in the meantime, the contract price may not be below the fair market value because of the value of the overall bargain inuring to the county by being able to make such an arrangement.
In Opinion No. 281, Report of the Attorney General, 1977-1978, concerning the sale of real estate by a county to a county housing authority, this office quoted with approval from 56 Am.Jur.2d, Municipal Corporations, § 552, p. 606, as follows:
 "The authority to sell municipal property carries with it the power to decide upon the terms of the sale, and since this power is discretionary, a sale made under it cannot be annulled on the ground that the bargain was an improvident one. But the power to sell does not include the power to make a gift of municipal property. Nor, ordinarily, can a municipal corporation lawfully sell its property for a grossly inadequate price, since such a transaction is in effect a gift of public funds.
 A municipality having the power to sell property may sell it for a valuable consideration other than money. Thus, the advantage which will inure to the municipality from a contemplated improvement may constitute a valuable consideration for a deed from the municipality to the state or the United States. And a municipality may sell land in consideration of labor performed upon the public works if the price thus paid is a fair one."
It is therefore our opinion that the county would have the authority to enter into the contract in question unless the contract price was grossly inadequate even after taking into consideration the contemplated advantage to the county of making the agreement.