REQUESTED BY: Senator Eric J. Will Nebraska State Legislature
You have asked whether legislation that would limit the number of used car lots within a city or county "would impinge upon the zoning rights of cities and counties, and would therefore be unconstitutional." We note that you have not presented any specific legislation to us with your request for our review and analysis. You have simply asked our general opinion whether this type of legislation could be constitutionally suspect. Consequently, our response to your request must necessarily also be general in nature.
The Legislature has plenary legislative authority, which is limited only by the Nebraska and U.S. Constitutions. The state constitution is not a grant of power like the federal constitution, but is instead a limitation of power. State exrel. Creighton Univ. v. Smith, 217 Neb. 682, 353 N.W.2d 267
(1984); Lenstrom v. Thone, 209 Neb. 783, 311 N.W.2d 884 (1981). As a general principle, the Legislature may legislate on any subject not inhibited by the state or federal constitutions and restrictions on this legislative power will not be inferred unless the restriction is clearly implied. Creighton,217 Neb. at 688, 353 N.W.2d at 271; Lenstrom, 209 Neb. at 789-90,311 N.W.2d at 888.
As a general proposition, the State, acting through the Legislature, has the ultimate authority in determining the manner and method of exercising the power to zone. Municipal corporations (cities) are creatures of the Legislature and as such are subject to the plenary power of the Legislature, subject only to restrictions contained in the constitution. "A city is a political subdivision of the state, created as a convenient agency for the exercise of such governmental powers of the state as may be entrusted to it by constitutional provision or legislative act. (citations omitted) A municipality has no inherent power to enact a zoning ordinance. The power to do so results from statutory or constitutional authorization. The governmental authority known as the police power is inherently an attribute of state sovereignty and belongs to subordinate governmental divisions when and as conferred by the state either through its Constitution or by valid legislation. (citations omitted)" Peterson v. Vasak, 162 Neb. 498, 501-502,76 N.W.2d 420, 423 (1956).
It follows that the Legislature is authorized to revoke municipal powers as well as grant them. Therefore, while the Legislature has granted certain zoning powers to municipalities through a multitude of statutes relating to the size of such municipality, the Legislature may, as a general rule, modify or revoke such powers previously granted.
We must point out, however, that with regard to municipalities which operate under home rule charters, the answer to your question may depend upon whether the zoning legislation which you contemplate is found to be a matter of local or statewide concern. Article XI, Section 2 of the Constitution provides that a "city having a population of more than five thousand (5,000) inhabitants may frame a charter for its own government, consistent with and subject to the constitution and laws of this state. . . ." Article XI, Section 5 is a similar provision concerning the charter of any city having a population of more than 100,000 inhabitants. "This has been construed to mean that a provision of a home rule charter takes precedence over a conflicting state statute in instances of local municipal concern, but when the Legislature enacts a law affecting municipal affairs which is of state-wide concern, the state law takes precedence over any municipal action taken under the home rule charter." Omaha Parking Authority v. City of Omaha,163 Neb. 97, 104, 77 N.W.2d 862, 868 (1956).
In any given situation, one would first need to determine whether there existed a conflict between the provision of a home rule charter and a state statute. One would then need to determine the "concern" of the legislative act and whether the matter in conflict is one of local or statewide concern. The Nebraska Supreme Court has noted that there is "no sure test which will enable us to distinguish between matters of strictly municipal concern and those of state concern. The court must consider each case as it arises and draw the line of demarcation." Carlberg v. Metcalfe, 120 Neb. 481, 487,234 N.W. 87, 90 (1930).
By way of example, the Nebraska Supreme Court has determined that a statute providing for firemen's pensions was a matter of statewide concern applicable to all cities within a designated class, whether they be home rule cities or not. Axberg v. Cityof Lincoln, 141 Neb. 55, 2 N.W.2d 613 (1942). In Van Patten v.City of Omaha, 167 Neb. 741, 94 N.W.2d 664 (1959), it was held that the procedure in condemnation was a matter of statewide concern. "Uniformity of this procedure, since it may affect every person in the matter of the ownership of his property and the compensation he is to receive, is a matter of state-wide concern and not of strictly municipal or local concern." Van Patten,167 Neb. at 748 (quoting Nagle v. City of Grand Island,144 Neb. 67, 69, 12 N.W.2d 540, 541 (1943). The court has also considered a city ordinance which authorized the City of Lincoln to vacate any street within the limits of the city while retaining title thereto and found that such an ordinance did not supersede relevant state statutes which related to the transfer or protection of real property rights and which were of statewide concern. Dell v. City of Lincoln, 170 Neb. 176, 102 N.W.2d 62
(1960).
On the other hand, the Nebraska Supreme Court has determined that an Omaha city ordinance regulating dog kennels was valid and constitutional, based in part upon the court's finding that there was no problem involving a conflict between a state statute and a city ordinance as the zoning there involved was a matter of local concern rather than statewide concern. Wolf v. City of Omaha,177 Neb. 545, 129 N.W.2d 501 (1964). In a different context, and not with regard to a conflict between a home rule charter and a state statute, the court has referred to zoning as a local concern. Giger v. City of Omaha, 232 Neb. 676, 442 N.W.2d 182
(1989). It appears to us that the court would examine each potential conflict on a case-by-case basis, examining the particular home rule charter, city ordinances, and state statutes in question.
In summary, it is our opinion that the Legislature, as a general rule, has the ultimate authority with regard to zoning. However, if a conflict arises between a state statute and the provisions of a home rule charter, the answer to your question may well depend on whether the particular zoning legislation which you contemplate is found to be a matter of local or statewide concern. We further note that we have limited our response to the question you have raised regarding a potential conflict between state and city zoning laws and have not explored any other constitutional questions with regard to zoning in general.
Sincerely,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
Approved by:
Don Stenberg
Attorney General