STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. HENRY C. LUTTRELL, DEFENDANT IN ERROR.

68 N. W. 2d 332

Filed January 28, 1955. No. 33708.

Clarence S. Beck, Attorney General, Ralph D. Nelson, and James G. McIntosh, for plaintiff in error.

Rush C. Clarke and John P. O'Brien, for defendant in error.

Robert E. Powell, amicus curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Henry C. Luttrell, called defendant herein, was charged in the district court with operating an overloaded vehicle on the highways in Lincoln County. The trial to the court without a jury, by stipulation of the parties, resulted in a finding and judgment that defendant was not guilty of the charge against him and that he should be and was discharged. The county attorney and the Attorney General excepted to the decision and by this proceeding challenge its correctness as they are authorized to do by statute with the permission of this court. §§ 29-2314, 29-2315, R. R. S. 1943; State v. McDaniels, 145 Neb. 261, 16 N. W. 2d 164; State v. Hutter, 145 Neb. 798, 18 N. W. 2d 203. The function of this court is to determine the law of the case. It may not affect the judgment of the district court. § 29-2316, R. R. S. 1943; State v. McDaniels, supra.

The substance of the accusation made by plaintiff in error, hereafter called the State, was that at a time stated defendant operated a freight-carrying motor vehicle upon the public highways in Lincoln County on which the distance between the extreme axles of a group of 2 or more consecutive axles was 18 feet, and the total gross weight with load imposed on the highway by the

group of axles was more than 5 percent in excess of 42,080 pounds or 49,280 pounds.

A stipulation of the parties and a drawing or sketch offered by the State and admitted without objection constitute the evidence. The sketch of the combination vehicle concerned in this litigation is reproduced herein that the statements of fact contained in the stipulation and the comments in the opinion concerning them may be more readily understood.

The facts stated in the stipulation are: That defendant at the time named in the complaint operated a freight-carrying motor vehicle on the public highways in Lincoln County; that the sketch represents the appearance in profile of the truck operated by defendant, shows the distances between the axles of the truck, the amount of weight then carried by each axle and on each group of axles of the truck, the location of the wheels on the left side of the tractor and semitrailer, and the centers of the wheels represent the correct location of the axles of the truck; that the figures 13, 14, 4, and 31 in the upper part of the sketch correctly represent the distance in feet between the various axles; that the numbers 1, 2, 3, and 4 indicate the numbers of the axles as designated by the person who prepared the sketch; that the other figures on the sketch in hundreds and thousands of pounds at the lower part thereof represent

the weight in pounds imposed upon the highway by the load of the truck upon the several axles and upon the combination of the several axles; and that the figure 53,480, nearest the bottom of the sketch, represents the total gross weight of the tractor and semitrailer operated by the defendant at the time stated in the complaint and the load it then carried.

Section 39-722, R. S. Supp., 1953, contains the following:

"(2) No wheel of a vehicle or trailer * * * shall carry a gross load in excess of nine thousand pounds, nor shall any axle carry a gross load in excess of eighteen thousand pounds. * * *

"(3) Every vehicle whether operated singly or in a combination of vehicles, and every combination of vehicles must comply with subsections (2), (4), and (5) of this section. The limitations imposed by this section are supplemental to all other provisions imposing limitations upon the size and weight of vehicles.

"(4) The total gross weight with load imposed on the highway by any group of two or more consecutive axles of a vehicle or of a combination of vehicles where the distance between the extreme axles of said two or more consecutive axles is twenty-two feet or less, shall not exceed that given for the respective distance in the following table:

"Distance in feet between the extremes of any group of axles | Maximum load in pounds carried on any group of axles
--- | ---
4 | 32,000
* * * |
18 | 42,080
* * * |
22 | 45,700

"(5) When the distance between the extreme of any two or more consecutive axles or group of axles is more than twenty-two feet, the total gross weight with load

imposed on the highway by any vehicle or combination of vehicles where the distance between the first and last axles is more than twenty-two feet shall not exceed that given for the respective distances in the following table:

"Distance in feet          Maximum load in pounds

* * *

. 31 . . . . . . . . . . 53,490 * * *."

The conceded facts are that defendant was at the time stated in the charge operating a freight-carrying motor vehicle consisting of a semitrailer and tractor combination on the public highways in Lincoln County. The vehicle had 4 axles numbered on the sketch from the front to the rear as 1, 2, 3, and 4. The distance between the axles was as follows: Between axles 1 and 2, 13 feet; between axles 2 and 3, 14 feet; between axles 3 and 4, 4 feet; and the distance between axles 1 and 4, 31 feet. The gross weight of the load on the several axles expressed in pounds was as follows: Axle 1, 4,200; axle 2, 17,800; axles 3 and 4, 31,480; and axles 2, 3, and 4, 49,280. The gross weight on the 4 axles, that is, the weight of the vehicle and the load, was 53,480 pounds.

The court found specifically that subsection (4) of section 39-722, R. S. Supp., 1953, quoted above, was unconstitutional because it was vague and uncertain, deprived persons of liberty and property without due process of law, and deprived persons accused thereunder of the right to know and demand the nature and cause of the accusation contrary to the provisions of the Constitution of Nebraska. The court also found that the complaint did not state facts sufficient to constitute a violation of the law of Nebraska.

The object of the statute is to establish a weight limitation on the gross weight with load imposed on the highway by any group of 2 or more consecutive axles of a vehicle or a combination of vehicles. The specifica-

tions of the restriction are that the maximum load permitted is determined by the distance between the extreme axles of any group of 2 or more consecutive axles. Subsection (4) of the statute designates these distances in feet from 4 feet to 22 feet. The meaning of this subsection is not obscure or doubtful. The group it speaks of is any group of 2 or more consecutive axles of a vehicle or a combination of vehicles. The distance necessary to know is the distance in feet between the extreme axles of a group of axles. The weight in any instance is designated in pounds. This is a formula the elements of which are any group of not less than 2 consecutive axles of a vehicle or a combination of vehicles with an over-all distance of not more than 22 feet between the extreme axles of the group and a statutory table that specifies the maximum pounds that may be carried on any group of consecutive axles. This subsection is concerned solely with the maximum weight on any 2 or more consecutive axles of a vehicle or a combination of vehicles operating on a highway where the extreme axles of the group are not more than 22 feet from each other. The effect of the legislation is to impose a new and additional limitation on the weight that may be placed upon the highway by consecutive axles within relatively close proximity to each other. It is reasonably clear that the Legislature in adopting the restriction of this subsection considered the distribution or spacing of axles of vehicles the major factor regarding weight on the highway.

. The application of the provisions of the subsection to the admitted facts is not difficult. The defendant was operating a motor vehicle upon a public highway. It had 4 axles. The 3 of them nearest the rear of the vehicle numbered 2, 3, and 4 on the sketch were consecutive axles. They were a group of axles and the distance between the extreme axles of the group, that is, between axle 2 and 4, was 18 feet. The table of the

subsection provides that if the distance in feet between the extreme axles of any group of axles is 18 feet the maximum load that may be carried on the axles of the group is 42,080 pounds. A tolerance of 5 percent of the load is permitted on any group of axles. § 39-723.03, R. S. Supp., 1953. Therefore the load defendant was permitted to have on the group of axles, 2, 3, and 4, was 42,080 pounds, the maximum stated in the table, and the allowed tolerance or a total of 44,184 pounds. The total gross weight with load imposed by this group of axles was 49,280 pounds. The overload on the designated group of axles on the truck was 5,096 pounds. However, the overload for the purposes of this case was 7,200 pounds because the statute permitting a tolerance states that if a load exceeds the maximum allowed by the table and the tolerance the defendant must be penalized on the weight in excess of the load permitted by the table. § 39-723.03, R. S. Supp., 1953.

Defendant insists that the vice of the statute is in the word group; that the axles of the tractor and semi-trailer constitute a group, and the first and last axles of this group are extreme axles and in consequence he was not guilty of the charge made or that the word group as used in the statute is so variable and indefinite in its meaning that it cannot be known what its meaning is; that it leaves the matter in conjecture and speculation; and that it cannot be determined from the statute what is and what is not against the law. Defendant seems also to find ambiguity and indefiniteness because subsection (4) of the statute speaks of "Any group of two or more consecutive axles" and later in the same sentence refers to "the extreme axles of said two or more consecutive axles," and subsection (5) of the statute contains the language "When the distance between the extreme of any two or more consecutive axles or group of axles * * *." The meaning of the word group in subsection (4) of the statute is clearly indicated by

the language therein "any group of two or more consecutive axles of a vehicle or of a combination of vehicles." The two subsections (4) and (5) of the statute relate to separate and distinct situations. The former is concerned with the maximum load carried on any group of 2 or more consecutive axles when the distance in feet between the extremes of the group is not more than 22 feet. The latter relates to the total gross weight with load imposed on the highway by any vehicle or combination of vehicles when the distance between the extreme of any 2 or more consecutive axles or group of axles is more than 22 feet but does not exceed 45 feet, and where the distance between the first and last axles is more than 22 feet.

State v. Balsley, 242 Iowa 845, 48 N. W. 2d 287, considered the following language of a statute of that state: " 'No group of axles of any vehicle, or any combination of vehicles, shall carry a load in pounds in excess of the value given in the following table corresponding to the distance in feet between the extreme axles of the group measured longitudinally to the nearest foot * * *'." This was followed by a table similar to the table in subsection (4) of section 39-722, R. S. Supp., 1953. The opinion of the Iowa court contains this pertinent language: "A group of axles of a vehicle must necessarily mean some combination of axles in the vehicle other than both 'extreme axles' of a combination vehicle or the 'tandem axles.' Webster's New International Dictionary (Second Edition—1944) defines the word 'group', in part, as follows: 'An assemblage of persons or things regarded as a unit because of their comparative segregation from others; an assemblage of objects in a certain order or relation, or having some semblance or common characteristic.' * * * A group of axles in the present case must mean something other than all, and we hold it means those things—axles—which are contiguous and segregated by reason of their use." See, also, State

ex rel. Beeson v. Marsh, 150 Neb. 233, 34 N. W. 2d 279.

The defendant contends that because the distance between the first and last axles of the vehicle operated by him was 31 feet he was clearly entitled under the law to impose a gross weight on the highway of 53,490 pounds, 10 pounds more than the total weight of his truck and the load on it. This gives no consideration to and disregards the language of the statute "when the distance between the extreme of any two or more consecutive axles or group of axles * * *." This is not permissible. In Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409, it is said: "In the consideration and application of a statute effect should be given, if possible, to all its several parts and nothing should be avoided. The subject of the enactment and the language thereof in its plain, ordinary, and popular sense should be considered to determine the legislative will. * * * It is the duty of the court, so far as practicable, to give effect to the entire language of a statute and to reconcile the different provisions of it so that they are consistent, harmonious, and sensible." City of Seward v. Gruntorad, 158 Neb. 143, 62 N. W. 2d 537, in speaking upon this subject concluded: "Just as an interpretation which gives effect to the statute will be chosen instead of one which defeats it, so an interpretation which gives effect to the entire language will be selected as against one which does not."

The Legislature within the constitutional limitation has plenary control of the public highways of the state. They are public property. The power to regulate inheres not only in the right of the Legislature to provide, maintain, and control them and their use, but also in the police power of the state which is its province to exercise in appropriate circumstances. The limitation of the weight of a vehicle and the load thereon to be transported on a public highway is a proper subject for the exercise of the police power. If public interest is in-

volved preferment of that interest over the property interest of an individual is one of the characteristics of the exercise of police power. The Legislature by virtue of the police power of the state has equal authority to provide for the general protection of public property as it has to legislate for the protection of an individual. The right to use the public highways for purposes of travel is not an absolute and unqualified one. It may be restricted and controlled by the lawmaking authority when necessary to provide for the safety and general welfare of the public by reasonable and nondiscriminatory regulations. State ex rel. Caldwell v. Lincoln Street Ry. Co., 80 Neb. 333, 114 N. W. 422, 14 L. R. A. N. S. 336; Schroder v. City of Lincoln, 155 Neb. 599, 52 N. W. 2d 808; People v. Linde, 341 Ill. 269, 173 N. E. 361, 72 A. L. R. 997; People ex rel. Curren v. Schommer, 392 Ill. 17, 63 N. E. 2d 744, 167 A. L. R. 1347; State ex rel. York v. Board of County Commissioners, 28 Wash. 2d 891, 184 P. 2d 577, 172 A. L. R. 1001; Hertz Drivurself Stations, Inc. v. Siggins, 359 Pa. 25, 58 A. 2d 464, 7 A. L. R. 2d 438; Annotation, 72 A. L. R. 1004; 25 Am. Jur., Highways, §§ 253, 254, pp. 544, 545.

The part of the statute invalidated by the judgment of the trial court does not have any of the constitutional infirmities imputed to it. The complaint stated a violation of the portion of the statute found and adjudged to be ineffective by the district court.

EXCEPTIONS SUSTAINED.