CARPENTERSVILLE READY MIX COMPANY *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF CARPENTERSVILLE, Defendant-Appellee.

Second District (2nd Division)   No. 75-272

Opinion filed June 30, 1976.

Kenneth E. Steffan, of West, Scheflow, Rydell & Steffan, of Elgin, for appellants.

Richard W. Husted, of Elgin, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The issue presented here is whether the trial court erred in its judgment declaring that an ordinance enacted by the defendant, Village of Carpentersville (Village), which prohibited the operation of trucks, or vehicles weighing 8,000 pounds or more[1] on the streets within a densely populated residential district, which is five blocks wide and six blocks long ("prohibited area"), was a valid and constitutional exercise of its police powers. The ordinance was enacted by the Village in 1974

---

[1] The ordinance exempts from its provisions fire, police or other emergency vehicles, school buses, and trucks making service calls or deliveries in such area.

pursuant to section 15—316(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 15—316(c)) which provides as follows:

> "Local authorities with respect to highways, under their jurisdiction may * * *, by ordinance or resolution, prohibit the operation of trucks or other commercial vehicles, or may impose limitations as [to] the weight thereof, on designated highways, which prohibitions and limitations shall be designated by appropriate signs placed on such highways."

The prohibited area is the so-called "Old Town" part of the Village, with narrow streets, small lots and with many of the homes built close to the curbing or edge of the street. Other than one "little family grocery store" in a converted residence the area is residential and has no vacant lots.

The plaintiffs are "sister corporations" which have, since 1957, conducted a ready-mix concrete delivery business and a road construction business, respectively at their headquarters which are located in an industrial development immediately north of the prohibited area.[2] Plaintiffs have operated their cement mixing delivery trucks and other heavy vehicles on a route through the said prohibited area when their destination was west of the Fox River and to the south and west portions of Kane County.[3] There was testimony of diesel fumes, vibration, spilled concrete, dust and noise of motors and of shifting gears on street inclines caused by heavy vehicular traffic in the prohibited area. There was also testimony of hazards to children on sidewalks, damage to water and sewer lines and to residences, resulting from the vibration caused by heavy trucks, and of destruction of curbings and traffic signs by large trucks trying to make turns at the corners of the narrow streets.

The Village engineer testified on behalf of the plaintiffs. He stated that he had submitted a report to the Village president and its trustees indicating that in his opinion no damage had occurred or was likely to occur to the streets in the prohibited area, and he therefore recommended that no load limit or restriction to road traffic be imposed in the prohibited area. The Village's police chief testified on plaintiffs' behalf that his review of accident reports in the prohibited area for the previous five years (since 1969) disclosed that there had been only one accident which involved a prohibited vehicle, and that based thereon the area was a low accident area. Plaintiffs' testimony further showed that the ordinance in question would compel about 44% of plaintiffs' vehicular traffic to travel an additional distance of not less than 1½ miles from their headquarters east of the Fox River to cross a bridge over the Fox River to Illinois Route

---

[2] In addition to plaintiffs, there are several other industrial plants and manufacturing companies located in the area immediately north of "Old Town".

[3] From 1966 until the adoption of the ordinance here in question some of the streets in the prohibited area were designated as truck routes.

in order to make deliveries or perform services southwest of their plant resulting in additional expense to plaintiffs.

In the order upholding the validity of the ordinance the trial court found that it was "within the legislative discretion" of the Village, and that its provisions "are not an unreasonable exercise of the police power."

An ordinance is presumed valid, and the burden of establishing invalidity rests upon those asserting it. *(Mulligan v. Dunne,* 61 Ill. 2d 544, 558.) Plaintiffs concede this but contend that the Village's failure to provide a reasonable alternative truck route through the prohibited area renders the ordinance an unreasonable exercise of the Village's police powers and therefore unconstitutional.

■■ We conclude from our examination of the entire record that the plaintiffs did not carry their burden of overcoming the presumption of the validity of the ordinance. The trial court, after considering all of the evidence, found that the ordinance was not an unreasonable exercise of the Village's police power. The evidence showed that while, as to that portion of plaintiffs' vehicular traffic whose destination was to the south and west of the Fox River, plaintiffs would suffer some inconvenience and some expense, they nevertheless had available several alternative truck routes. In view of the relevant factors which obviously motivated the Board of Trustees to enact the ordinance, such as the desire to eliminate noises, fumes, vibrations and attendant hazards, among others, it is this court's opinion that the ordinance represented a reasonable and valid exercise of the Village's police power. The ordinance, therefore, clearly bears a real and substantial relationship to public health, safety, morals and general welfare. The testimony of the Village engineer and its police chief did not negate any of the factors which prompted enactment of the ordinance.

■■ We note that plaintiffs set out in their brief that the ordinance is unconstitutional and therefore unenforceable because of vagueness. Their argument is that the listing of "Cottage Avenue between Main and Williams if extended," as one of the streets in the prohibited area is vague and might be intended to include the street on which plaintiffs' business is located. Our examination of the record makes it clear that the plaintiffs' apprehension has no justification and, in our opinion, this argument has no merit.

The judgment of the circuit court of Kane County is therefore affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.