STEVE LUDWIG, APPELLANT, V.
DAVID F. MATTER ET AL., APPELLEES.

313 N.W.2d 234

Filed December 4, 1981. No. 43639.

Richard L. Kuhlman for appellant.

Donald D. Schneider and Ray C. Simmons, P.C., for appellees Matter.

Daniel A. Martin of Kerrigan, Line & Martin for appellee Equitable Federal Savings & Loan.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and GITNICK, District Judge, and COLWELL, Retired District Judge.

COLWELL, Retired District Judge.

This equity case was brought by Steve Ludwig, plaintiff (vendee), against David F. Matter and Gwenith Matter, defendants (vendors), for equitable relief, reformation of deed to include more land, and for damages from Equitable Federal Savings and Loan Association of Fremont, defendant, for negligence. Vendors joined their realtor agent, Don Peterson & Associates Real Estate Co., as third party defendant.

Issues were joined, and all parties filed their several motions for summary judgment. Hearing was first had on the motions of vendee, vendors, and Peterson. Vendee's motion was denied. Summary judgments were entered in favor of vendors and Peterson. Thereafter, Equitable's motion was heard and summary judgment entered in its favor. Vendee appeals, assigning as error the granting of the three summary judgments.

In September 1977 vendors listed for sale with Peterson a tract of land on the edge of Fremont, Nebraska; the price was $90,000. Peterson obtained from a local abstracter a hand-drawn plat and description of the listing, reciting, "Pt of the NW⁴ of the NE⁴ of Sec 21-17-9 D/C N descr as follows: Beg at the NW cor thereof; thence East 285 ft; thence South 493 ft, thence West 285 ft; thence North 493 ft to the p.o.b." The plat indicated that the described tract was a combination of three adjacent tracts, making one rectangular tract that was 285 feet east and west and 493 feet north and south. Later, vendee contacted Charles Strasburg, a salesman for Peterson, to buy a small acreage. After negotiation, vendors agreed to sell off some land on the west side of the listing, including a house and barn, with the east side of an existing driveway to be the east line. No survey was made.

At the site, Strasburg pointed out to vendee the tract

to be sold and directed vendee's attention to a fence on the west side as the west boundary, and to a post in the fence as the northwest corner of the tract, and to the east side of a driveway as the east boundary. No lineal measurements were discussed. Strasburg may have shown the plat to vendee. A sale for $48,000 was agreed upon.

Peterson's office prepared a purchase agreement which was signed by vendors and vendee, describing the land as "Part of the NW¼ of the NE¼ of Sec 21-17-9 Dodge Co. Nebr. *Beginning at the NW corner thereof thence east 173 ft thence south 493' thence west 173' thence N. 493' to the point of beginning.*" (Emphasis supplied.)

Vendee obtained a loan from Equitable; he did not see or examine the abstract of title. Peterson prepared the deed of conveyance. The sale was concluded and the deed recorded on November 2, 1977, describing the land conveyed as "Tax Lots 1 and 4, in Section 21, Township 17 North, Range 9 East, of the 6th P.M., Dodge County, Nebraska, along with a road easement over the east 20 feet of tax lot 1 to the grantors and their heirs and as- signes [sic]." A description of tax lots 1 and 4 does not appear in the record. Vendee assumed that the land shown to him was the same as described in the purchase agreement and in the deed, and that its north frontage was 173 feet east and west. Vendors did not know the measurement. In May 1978 vendee discovered that the northwest corner of the tract began at a point 33 feet east of the northwest corner of the northwest quarter of the northeast quarter of Section 21, Township 17 North, Range 9 West of the 6th P.M., Dodge County, Nebraska, and that the east-west lineal measurement was 140 feet instead of 173 feet. This suit follows.

We first consider the motions of vendors and Peter- son. Vendee's petition alleges mutual mistake and that those defendants knowingly and recklessly made false statements to vendee concerning the description of the land. At the hearing, all of those interested parties offered evidence, including the affidavit of vendee,

affidavit of David F. Matter, and the deposition of Charles Strasburg. The abstract of title is not a part of the evidence.

Vendors and Peterson urge as a defense the doctrine of merger. The applicable rule is, "'Generally, upon the execution, delivery, and acceptance of an *unambiguous* deed, such being the final acts of the parties expressing the terms of their agreement with reference to the subject matter, all prior negotiations and agreements are deemed merged therein, in the absence of a preponderance of evidence clear and convincing in character establishing some recognized exception such as *fraud* or *mistake of fact*, and the deed will be held to truly express the intentions of the parties.'" (Emphasis supplied.) *Beren Corp. v. Spader*, 198 Neb. 677, 693, 255 N.W.2d 247, 256 (1977).

"'* * *the issue to be tried on a motion for summary judgment is whether or not there is a genuine issue as to any material fact, and not how that issue should be determined. In considering such a motion...the court should take that view of the evidence most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may reasonably be drawn from the evidence.'" *Illian v. McManaman*, 156 Neb. 12, 18, 54 N.W.2d 244, 248 (1952).

An action in equity vests the trial court with broad powers authorizing any judgment under the pleadings. See *Lippire v. Eckel*, 178 Neb. 643, 134 N.W.2d 802 (1965).

From the record, there are genuine issues of material fact as to mutual mistake, location of land monuments, description of the land purchased and conveyed, and the broad issue of false representations which should not be determined upon affidavits. The summary judgments entered in favor of the vendors and Peterson should be set aside and trial had on the merits of the issues between those parties.

Concerning Equitable's motion for summary judg-

ment, vendee's petition alleges that he relied on the title examination made by Equitable's attorney and that Equitable negligently failed to notify vendee of the discrepancy in the legal description. No duty on the part of Equitable is alleged.

At the hearing, Equitable's evidence included the affidavits of vendee and David W. Matter and the deposition of Strasburg. Vendee offered no controverting evidence. Other facts shown by the record are that vendee made an application to Equitable for a mortgage loan and furnished it with a copy of the purchase agreement. Equitable prepared and vendee signed a "Good Faith Estimate of Settlement Charges," showing the amount of the loan, description and amount of settlement charges, including a charge of $40 for title examination, net proceeds of the loan, and an explanation for the title examination charge: "The provider of this service designated by this lender is the law firm of Kerrigan, Line, Martin and Hanson, Attorneys .... *This provider checks evidence of title presented at the fee designated....*" (Emphasis supplied.) There is no record of a title opinion. The net loan proceeds were paid to vendee.

"'In order to constitute actionable negligence, there must exist three essential elements, namely, a duty or obligation which the defendant is under to protect the plaintiff from injury; a failure to discharge that duty; and injury resulting from the failure.'" *Ring v. Kruse,* 158 Neb. 1, 6, 62 N.W.2d 279, 284 (1954).

"[W]hen the allegations of the pleadings *have been pierced by the movant,* and the resistance to the motion *fails to show* that a genuine issue of fact exists, a summary judgment will be granted." *Prairie View Tel. Co. v. County of Cherry,* 179 Neb. 382, 385, 138 N.W.2d 468, 471 (1965).

Vendee's affidavit makes no reference to his relationship or contact with Equitable in support of his pleadings, and there is no other factual support in the record other than the settlement sheet. Equitable's record

pierced vendee's pleadings, showing it had no duty to vendee and that it was without fault. Vendee having failed to respond to that record, summary judgment was proper.

Without deciding the relationship between vendee and Equitable, we conclude that there was no genuine issue of material fact concerning vendee's cause of action against Equitable, and the summary judgment in favor of Equitable should be affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.