MAX VANARSDALE ET AL., APPELLANTS, v. LINCOLN COUNTY ET AL., APPELLEES.
326 N.W.2d 47

Filed November 5, 1982. No. 44472.

David T. Schroeder, for appellants.

Leonard P. Vyhnalek, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

The appellants commenced this action in the District Court for Lincoln County, Nebraska, challenging the constitutionality of Neb. Rev. Stat. §§ 23-114 to 23-114.05, 23-168 to 23-168.04, 23-172, 23-173, 23-173.01, 23-174, 23-174.02, 23-373, and 23-376 (Reissue 1977) relating to establishment and promulgation of zoning regulations by the county commissioners of Lincoln County. The trial court held the statutes constitutional. We dismiss the appeal.

Appellants failed to notify the Attorney General by

serving a copy of their brief on him within 5 days of the filing of their brief in this court pursuant to Neb. Ct. R. 16A (Rev. 1982) (formerly rule 18). Rule 16A states: "Cases Involving Constitutional Questions. A party presenting a case involving the constitutionality of a statute must file a written notice thereof with the Clerk of this court at the time of filing his brief. If the Attorney General is not already a party to an action where the constitutionality of the statute is in issue, a copy of the brief assigning unconstitutionality must be served on the Attorney General within 5 days of the filing of the brief with the Clerk of this court; proof of such service shall be filed with the Clerk of this court."

The appellants having failed to comply with the rules of this court, the appeal is dismissed.

APPEAL DISMISSED.

CLINTON, J., dissenting.

I respectfully dissent. Compliance with the rule relied upon is certainly not jurisdictional. Even when the rule is complied with, the Attorney General seldom, if ever, files a brief. In my 12 years in this court this is the first time we have used the rule as a basis for dismissal of an appeal. I strongly object to the selective application of the rule in this fashion.