STATE OF NEBRASKA, APPELLEE, V. GERALD J. DAVISON, APPELLANT.

328 N.W.2d 206

Filed December 23, 1982. No. 82-223.

Haessler, Sullivan & Inbody, for appellant.

Charles H. Wagner of Edstrom, Bromm, Lindahl & Wagner, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

This is an appeal from a judgment of the District Court affirming the county court conviction of the defendant for operation of a truck upon a city street in Ashland, Nebraska, in violation of a weight limit ordinance of the city of Ashland. The only issue on appeal is the constitutionality of the city ordinance.

On March 20, 1981, the defendant Davison was stopped by police while driving a semitrailer truck on Furnas Street in Ashland, Nebraska. Davison was employed by, and driving a truck owned by, a trucking company which had its headquarters on a north-south highway a short distance west of the Ashland city limits. The company operated four trucks, each licensed for 80,000 pounds in all states west of the Missouri River.

Davison was issued a summons and citation for violation of a city ordinance and resolution which provided: "It shall be unlawful to operate upon any street or alley in the City of Ashland, Nebraska, any truck, truck-tractor, semitrailer, or trailer or combination thereof having a gross weight of more than five (5) tons, except that said vehicles may exceed said limitations if they are being used to deliver goods and/or items to and from residences and/or business in the City of Ashland, Nebraska."

Signs were posted at appropriate locations informing drivers of the weight limit on city streets.

At trial the parties stipulated that Davison had been stopped within the city limits and that the truck was in excess of 5 tons. The defense under the not guilty plea was that the ordinance was unconstitutional.

The mayor of the city testified that before the weight limit was established in 1976 frequent and heavy truck traffic had previously caused substantial damage on certain city streets. He testified that the ordinance was passed to increase safety for the residents and to preserve the roadways for as long as practicable.

The county highway superintendent testified that 6-inch unreinforced concrete roadways such as the street involved will deteriorate under heavy and sustained traffic and that since the construction of the street in 1974 street specifications have changed and now require a thicker roadway for new streets, and the cost to replace the street under present specifications would be approximately $300,000. There was also evidence that not only weight but the frequency of heavily weighted traffic contributes directly to rapid deterioration of the roadway.

Davison's employer testified that he operates four trucks and that his trucks return to headquarters twice a week in wintertime and every day in the summertime, but he did not indicate from which direction the trucks came and went, nor with what frequency any of them would use the city streets. He testified that the alternate legal route to reach a point north of Ashland from his headquarters involves an increase of 4½ miles going one way and approximately 11 miles returning, the difference being occasioned because the trucks cannot negotiate a difficult turn on the return trip, and that the cost of operating the trucks was approximately 90 cents a mile.

The record also shows that the employer's trucks could travel north from their headquarters without any loss of distance and without traveling on city streets except for the fact that the employer's trucks are overweight for three bridges which are located on that road.

The record also shows that through traffic does not have to take circuitous routes to avoid city streets. State and federal highways skirt the edges of town and are not within the weight limit prohibition.

The county court sitting without a jury found that the ordinance was constitutional and fined the defendant $100. On appeal de novo on the record the District Court affirmed the judgment of the county

court and this appeal followed.

The defendant contends that the ordinance violates the U.S. Constitution and constitutes an unreasonable and discriminatory burden on interstate commerce and on nonresidents of the city.

Ordinances and statutes are presumed to be constitutional, and their unconstitutionality must be clearly established. *State v. Austin*, 209 Neb. 174, 306 N.W.2d 861 (1981).

As a general rule, under its police power, a state may, in the interest of safety and public welfare, restrict the weight of vehicles using its highways by reasonable and nondiscriminatory regulation. *State v. Luttrell*, 159 Neb. 641, 68 N.W.2d 332 (1955).

In Nebraska, municipalities have been granted the right to restrict weight limits under Neb. Rev. Stat. § 39,6,189 (Reissue 1978), which provides in part: "Local authorities may also, by ordinance or resolution, prohibit the operation of trucks or other commercial vehicles, or impose limitations as to the weight thereof on designated highways, which prohibitions and limitations shall be designated by appropriate signs placed on such highways."

Local regulation which may affect interstate commerce is constitutional only if the local interest is substantial and the police power is reasonably exercised, the burden on interstate commerce is slight, and the regulation does not discriminate against nonresidents or interstate commerce. *Head v. New Mexico Board*, 374 U.S. 424, 83 S. Ct. 1759, 10 L. Ed. 2d 983 (1963); *Bibb v. Navajo Freight Lines*, 359 U.S. 520, 79 S. Ct. 962, 3 L. Ed. 2d 1003 (1959).

The record in the present case establishes that the vehicular weight limitations of the challenged ordinance are reasonably calculated to achieve the legitimate and substantial interests of the city of Ashland in promoting public safety and preserving public property. The burden on interstate commerce is at most slight, if not virtually nonexistent.

Defendant's argument that trucks headquartered

at the location here must drive additional miles when traveling north is unpersuasive. Local weight limit restrictions have been upheld even though the vehicles involved were required to take an alternative route three times as long as the original route. See, *Carpentersville Ready Mix v. Carpentersville*, 39 Ill. App. 3d 840, 350 N.E.2d 508 (1976); *McCammon v. City of Redwood City*, 149 Cal. App. 2d 421, 308 P.2d 831 (1957).

Finally, the defendant argues that the ordinance is discriminatory because it allows trucks over 5 tons to use the streets if delivering goods and items to or from Ashland.

The ordinance makes no distinction between local or foreign trucks but operates exactly the same as to both. On the evidence in the record the ordinance does not discriminate against interstate commerce in general since through traffic does not have to take any alternative route to avoid the city streets. The alleged "discrimination" has a rational basis and establishes a reasonable classification. A classification having some reasonable basis does not offend against the equal protection clause of the fourteenth amendment merely because it is not made with mathematical nicety or because in practice it results in some inequality. When the classification in such a law is called into question, if any stated facts reasonably can be conceived that can sustain it, the existence of that state of facts at the time the law was enacted must be assumed. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary. *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 31 S. Ct. 337, 55 L. Ed. 369 (1911). For cases upholding vehicular weight limits which exempt certain classes of vehicles from the ordinance or statute, see, *Railway Express v. New York*, 336 U.S. 106, 69 S. Ct. 463, 93 L. Ed. 533 (1949); *Sproles v. Binford*, 286 U.S. 374, 52 S. Ct. 581, 76 L. Ed. 1167 (1932); and *Allison v. Med-*

*lock,* 224 Ga. 37, 159 S.E.2d 384 (1968).

The ordinance involved in the present case represents a reasonable attempt to achieve a substantial and legitimate local interest of the city of Ashland. It imposes a very slight burden, if any, on interstate commerce, and it does not discriminate against nonresidents or interstate commerce. The challenged ordinance is therefore constitutional.

The judgment of the District Court is affirmed.

AFFIRMED.