CITY OF BEATRICE, NEBRASKA, A MUNICIPAL CORPORATION,
APPELLEE, V. WAVA D. GOODENKAUF ET AL., APPELLANTS.
366 N.W.2d 411

Filed April 26, 1985.    No. 83-953.

Patrick W. Healey of Healey, Brown, Wieland, Kluender, Atwood & Jacobs, for appellants.

Rhonda L. Haney, Beatrice City Attorney, for appellee, and, on brief, Nancy J. Ludden.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

The appellants, Wava D. Goodenkauf and Dale D. Goodenkauf, were boarding 120 dogs on their 6.9 acres of real estate at the time of trial. Appellants' real estate is located

outside the corporate limits of Beatrice but within the city's 2-mile zoning jurisdiction. The property is located in an A-1 Agricultural District as defined by Beatrice Ordinance No. 79-42 § 501 (July 2, 1979). Permitted principal uses in this district include raising of crops, animal husbandry, and single-family dwellings. Accessory uses "normally appurtenant to the permitted uses" are allowed. Commercial kennels are allowed only with a special-use exception permit granted by the Beatrice Planning and Zoning Commission.

Appellants take in stray and unwanted dogs and find homes for them. They operate the kennel under the name of Animal Lovers of America, Inc., a nonprofit corporation. A "placement fee" of $20 per dog is a suggested donation to persons receiving dogs. It was stipulated that $20 is not sufficient to cover the cost of feed and veterinary services and that appellants make no profit from this venture.

The dogs are given to the appellants for the express purpose of locating new owners. They are of no particular breed, are not registered animals or purebreds, and are not raised from birth by the appellants. The dogs are housed in individual kennels scattered about the premises. At one time the appellants had as many as 180 dogs. Since October or November of 1981, approximately 315 dogs have been placed in new homes.

Appellants received a conditional special-use permit for 1 year from the Beatrice Planning and Zoning Commission. This permit allowed them to keep the dogs on their property. The application for an extension of the permit was withdrawn. The special-use permit terminated on January 18, 1983.

The district court granted the appellee's request for an injunction to restrain the appellants from violating the zoning ordinance. The court ordered the appellants to dispose of all dogs on their property within 60 days and not to receive any dogs for the purpose of housing or placing of stray or unwanted animals. We agree with the district court and affirm.

An action to enjoin enforcement of a city ordinance is one in equity. Therefore, in addressing the issues presented here we review the record de novo. *Sasich v. City of Omaha*, 216 Neb. 864, 347 N.W.2d 93 (1984).

The primary question before us is whether appellants' use of

the premises in keeping stray and unwanted dogs is a permitted or accessory use of an A-1 Agricultural District as defined by the Beatrice ordinance. Zoning laws should be given a fair and reasonable construction in the light of the manifest intention of the legislative body, the objects sought to be attained, the natural import of the words used in common and accepted usage, the setting in which they are employed, and the general structure of the law as a whole. *Beckman v. City of Grand Island*, 182 Neb. 840, 157 N.W.2d 769 (1968). Where the provisions of a zoning ordinance, as to the uses of property which are permitted or which are prohibited in certain districts, are expressed in common words of everyday use, without enlargement, restriction, or definition, they are to be interpreted and enforced according to their generally accepted meaning. *City of Omaha v. Gsantner*, 162 Neb. 839, 77 N.W.2d 663 (1956).

Appellants argue that the caring for dogs is a form of animal husbandry and is therefore a permitted use under the ordinance. We do not agree. Our interpretation of the term "animal husbandry" as used in the ordinance does not include the operation of a dog kennel for stray and unwanted dogs. Animal husbandry is defined by Webster's Third New International Dictionary, Unabridged 85 (1968) as "a branch of agriculture concerned with the production and care of domestic animals." Webster's definition of agriculture is "the science or art of cultivating the soil, harvesting crops, and raising livestock." *Id.* at 44. According to these two definitions, animal husbandry is a branch of agriculture and therefore concerned only with the raising of livestock. Neb. Rev. Stat. § 54-101(15) (Reissue 1984) defines livestock as "any domestic cattle, horses, mules, donkeys, sheep, or swine." In *Gsantner, supra*, we declined to hold that a dog kennel operation is a "commercial livestock farm operation." We hold that dogs are not livestock, and the care or production of dogs cannot be included in the term "animal husbandry." Thus, the keeping of dogs would not be a permitted use of an A-1 Agricultural District, according to the Beatrice ordinance.

The appellants contend that the dog kennel operation is an accessory use as provided by the ordinance. The ordinance is

clear in that only accessory uses "normally appurtenant to the permitted uses and structures" are allowed. The appellants are in error. In *Kitrell v. Board of Adjustment*, 201 Neb. 130, 266 N.W.2d 724 (1978), we described an accessory use as a recognized incidental use of property. In 3 R. Anderson, American Law of Zoning § 16.11 at 31 (2d ed. 1977), accessory use is defined as "a subordinate use, clearly incidental and related to the principal structure, building or use of land, and located on the same lot as that of the principal structure, building or use." We cannot see how 120 or more dogs and an equal number of doghouses on a small piece of real estate could be anything but a principal use. Whether a use is customary is not to be determined merely by a mathematical count; but numbers are a factor which must be considered. *Kitrell, supra.*

In this case the number of dogs is a major factor. Clearly, the keeping of a few dogs on a farm is an accessory use and is permitted, but caring for 120 dogs on a small piece of land is not a subordinate use or a recognized incidental use of land. The appellants' dog operation is clearly not an accessory use.

Since appellants' use of the property is not a permitted use or an accessory use in accordance with ordinance 79.42, § 501, they would need a special-use exception permit to continue their dog kennel operation. The appellants do not have such a permit, and therefore we find that they are in violation of the ordinance.

The appellants argue that the district court granted relief broader than that prayed for and not warranted by the facts pleaded and the evidence adduced. The court ordered in part:

1. That subject to the terms and provisions hereinafter set forth, defendants and each of them are hereby permanently enjoined from operating upon the real estate hereinafter described or using said premises in any type of operation *for the care, maintenance, or placement of stray and unwanted dogs* whether in conjunction with the American Lovers of Animals, Inc., or otherwise.

. . . .

3. That defendants are given 60 days from this date to place or make other disposition of the present dogs in their care and possession, they to receive no others *for such*

*purposes as above described*, or otherwise obtain such permit or other action from plaintiff City within said 60-day period as would authorize the activity herein enjoined.

(Emphasis supplied.)

An action in equity vests the trial court with broad powers authorizing any judgment under the pleadings. *Ludwig v. Matter*, 210 Neb. 87, 313 N.W.2d 234 (1981). The pleadings in the instant case generally alleged that the appellants were in violation of the zoning ordinance by keeping over 120 stray or unwanted dogs for the purpose of placement. We find that the district court's order was consistent with the pleadings and the prayer for general relief. We disagree with appellants' argument that the order bars them from having any dogs whatever on their property. The order only bars them from receiving dogs "for such purposes as above described," which means "for the care, maintenance, or placement of stray and unwanted dogs."

The order of the district court is affirmed.

AFFIRMED.