Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/22/2017 09:09 AM CDT

- 909 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
STATE ON BEHALF OF LOCKWOOD v. LAUE
Cite as 24 Neb. App. 909

State of Nebraska on behalf of Dawn Lockwood,
appellant, and Dawn Lockwood, appellee,
v. Travis Laue, appellee.

___ N.W.2d ___

Filed August 1, 2017.    No. A-16-627.

1.  **Equity: Appeal and Error.** On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the conclusion reached by the trial court, provided that where credible evidence is in conflict in a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.

2.  **Contempt: Appeal and Error.** In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of issues of law is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determinations of whether a party is in contempt and of the sanction to be imposed is reviewed for abuse of discretion.

3.  **Child Support: Actions: Final Orders.** Upon receipt of a child support referee's findings and recommendations, the district court is provided the opportunity to have a further hearing and review regarding the recommendation, and has the ability to accept or reject all or any part of the report before its final disposition in ratifying or modifying the recommendations of the referee.

4.  **Equity.** In an equitable action, the district court is vested with broad equitable powers and discretion to fashion appropriate relief.

5.  **Child Support: Equity.** An exception hearing to a child support referee's report is an equitable action, and it is within the discretion of the district court to allow the presentation and receipt of new or additional

evidence at an exception hearing upon receiving the referee's findings and recommendations.

6. **Child Support: Actions: Final Orders.** The child support referee's recommendation is a nonbinding recommendation, and the final determination is left to the district court.

7. **Child Support: Equity.** As the district court is provided the discretion to accept or reject all or any part of the referee's report and ratify or modify the referee's findings and recommendations, so shall the district court in a court of equity have the discretion to receive additional or new evidence at an exception hearing.

8. **Child Support: Appeal and Error.** When a child support referee makes a report and no exception is filed, the district court reviews the referee's report de novo on the record.

9. **Child Support: Equity.** If an exception is filed to a child support referee's report, the party filing an exception is entitled to a hearing and the district court as a court of equity has the discretion to allow the presentation of new or additional evidence.

Appeal from the District Court for Buffalo County: WILLIAM T. WRIGHT, Judge. Affirmed.

Shawn R. Eatherton, Buffalo County Attorney, and Andrew W. Hoffmeister for appellant.

Bergan E. Schumacher, of Bruner Frank, L.L.C., for appellee Dawn Lockwood.

MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

INBODY, Judge.

## INTRODUCTION

The State of Nebraska appeals the decision of the Buffalo County District Court finding that Dawn Lockwood was not in contempt of court for failing to pay court-ordered child support and in refusing to allow the State to present additional evidence at the exception hearing to the referee's report.

## STATEMENT OF FACTS

In July 2014, the district court ordered Lockwood to pay $50 per month in child support. In December 2015, the State

- 911 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
STATE ON BEHALF OF LOCKWOOD v. LAUE
Cite as 24 Neb. App. 909

filed an affidavit and application for an order to show cause regarding Lockwood's failure to pay child support. The district court ordered Lockwood to appear to show cause why she should not be held in contempt.

In February 2016, the district court child support referee held a hearing on the order to show cause. Lockwood was represented by a court-appointed attorney. The State indicated Lockwood was delinquent in the amount of $791.85 in child support. The State offered Lockwood's child support payment history, which was received into evidence. The child support payment history indicated Lockwood had not paid child support since May 2015. The referee stated that the exhibit created a rebuttable presumption that Lockwood was in willful and contumacious civil contempt of the district court's order to pay $50 a month in child support. The referee stated that because the exhibit created a rebuttable presumption, the burden of proof shifted to Lockwood to convince the court she was not in contempt. The referee allowed Lockwood to proceed with evidence.

Lockwood testified that in July 2014, when the child support order was entered, she was in prison in Topeka, Kansas, after turning herself in on a warrant in April of that year. After her release in August 2014, she found a job at a motel earning $8 an hour, but left after 5 months because her physical limitation of "bulging disks [did not allow her] to stoop." Following working at the motel, Lockwood then worked at a fast-food restaurant for about 6 months, initially earning $7.50 an hour until she was promoted to general manager earning $10 an hour. After Lockwood was terminated from that job, she worked at a convenience store for a couple months, earning $10 an hour. Lockwood was then jailed in Buffalo County from July 2015 until January 2016. Lockwood stated she did not have a current driver's license because it was suspended for failure to pay child support while she was in jail. Lockwood also indicated that although her husband was employed full time, they were currently living in a hotel and she was

- 912 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
24 NEBRASKA APPELLATE REPORTS
STATE ON BEHALF OF LOCKWOOD v. LAUE
Cite as 24 Neb. App. 909

cleaning rooms there to receive reduced rent. Lockwood stated that since her release from jail, she has worked with a vocational rehabilitation program to develop an individualized plan for employment. Lockwood also indicated that she is working in coordination with a nonprofit agency to gain employment skills, namely obtaining and maintaining a job, and community support, including budgeting and bill paying. Lockwood stated she had submitted employment applications to 12 different businesses, provided a journal indicating the jobs to which she had applied, with copies of electronic and paper job applications she completed, and she informed the referee of interviews resulting from the applications. Lockwood informed the referee that her nonpayment of child support was not intentional, that she was doing everything in her power to obtain employment in order to pay her child support obligation, and that she intended to pay off the child support obligation as soon as she gained employment.

On cross-examination, Lockwood indicated she was in jail for 1 day in July 2015 and again from October 2015 to January 2016. When the State asked Lockwood about what efforts she made to be employed from April to October 2015, Lockwood stated that she was seeing her psychiatrist on a regular basis to get her medication stabilized for treatment of a mental illness disability. During that time, Lockwood cleaned rooms for a reduced rent at a hotel for approximately $20 per room.

On redirect examination, Lockwood stated that she suffers from severe social anxiety and schizoaffective disorder, but she was taking medication to help keep it controlled. Lockwood also said that she was actively seeking employment despite her mental illness disability. Lockwood acknowledged that she was behind in rent, "barely making ends meet," and also having difficulty because she did not have a driver's license.

At the conclusion of the evidence and closing arguments, the referee stated: "The [c]ourt finds[,] as counsel pointed out, the burden is by clear and convincing evidence that . . .

- 913 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
24 NEBRASKA APPELLATE REPORTS
STATE ON BEHALF OF LOCKWOOD v. LAUE
Cite as 24 Neb. App. 909

Lockwood is in contempt. I fail to find that the State has met its burden. A $50 order isn't much, and I don't recall ever —." The State interrupted, claiming, "I think you mean the defendant[,] not the State." In response, the referee stated, "We'll sort it out. The caption is no longer up to date. We need to find — I need to find by clear and convincing evidence that you're in contempt. I just don't find it. You've made a lot of efforts." The referee found that Lockwood could not pay the child support during the months she was incarcerated. The court noted Lockwood's mental health breakdown, her need for medication, and that she bartered her rent by doing work where she was residing. The referee stated, two more times, "I just don't find the State's met its burden."

In its March 2016 report, the referee initially indicated that the State established a prima facie case of contempt against Lockwood for being delinquent in her child support obligation. The report acknowledged that Lockwood was incarcerated "for significant periods of time" since the July 2014 child support order was entered, she received discounted rent for housekeeping services, her incarceration did not cause a willful or intentional act of nonpayment of child support, her four felony convictions reduced her ability to be gainfully employed, and she provided significant documentation of her efforts to gain employment. The referee's report stated: "Based upon the totality of the evidence received and arguments submitted, the State did not meet its burden of proof by clear and convincing evidence that the obligor willfully or intentionally failed to pay child support." Consequently, the referee's report recommended the district court order the dismissal of the order to show cause without prejudice.

Following the filing of the referee's report with the district court, the State filed an exception to the report, claiming that the State provided sufficient proof Lockwood was in contempt for failing to pay previously ordered child support and that the referee should not have recommended dismissal of the order to show cause.

- 914 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
STATE ON BEHALF OF LOCKWOOD v. LAUE
Cite as 24 Neb. App. 909

In May 2016, the district court held a hearing on the exception filed by the State. The court initially said that the hearing was on an appeal; in response, the State informed the court that it was an exception, not an appeal. The bill of exceptions from proceedings with the referee were received into evidence. The State informed the court that the hearing was a trial de novo and, as a result, the State wanted to offer additional evidence consisting of Lockwood's pay history and wage history. Lockwood objected to the receipt of the State's additional evidence, claiming that the evidence was not relevant because the hearing was based on whether the referee was correct. The court stated its opinion that the hearing was de novo on the record and received the exhibits conditionally, deferring its decision, to determine relevancy until the court could determine the appropriate standard of review. Consequently, the State made an offer of proof regarding the exhibits.

Also at the hearing, the State argued it is the child support obligor's burden to show whether nonpayment of child support is not willful and contumacious. The State additionally claimed that the hearing taking place with the court was a contempt hearing. In response, Lockwood claimed that the hearing was solely a review of the referee's findings. The court instructed the parties to submit simultaneous briefs.

In its June 2016 order, the district court overruled the State's exception and dismissed the order to show cause. In its order, the court stated that it did not receive or consider the additional evidence presented by the State at the exception hearing because additional evidence was "irrelevant," since the hearing was de novo on the record. The court determined that the State met its initial burden of establishing a prima facie case of Lockwood's child support arrearage and that the burden then shifted to Lockwood to establish the arrearage was not the result of a willful act. The court agreed with the referee and determined that, based upon its review of the received evidence, Lockwood overcame the presumption that

- 915 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
24 NEBRASKA APPELLATE REPORTS
STATE ON BEHALF OF LOCKWOOD v. LAUE
Cite as 24 Neb. App. 909

she was willfully and contumaciously in contempt because she established she did not have the ability to pay at the time of the hearing with the referee.

The State timely filed this appeal.

## ASSIGNMENTS OF ERROR

The State contends the district court erred in failing to find Lockwood in contempt of court in consideration of all the facts given to the court, particularly that she overstated her time spent in jail and admitted to bartering her earnings in exchange for reduced rent, while ignoring evidence that Lockwood had been in the past and was at the time of the hearing employed in exchange for a reduced rate of rent.

The State further contends that the district court erred when, at the exception hearing to the referee's report, the court refused to allow the State to present additional evidence of more periods of nonpayment and Lockwood's wage earning history.

## STANDARD OF REVIEW

[1] On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the conclusion reached by the trial court, provided that where credible evidence is in conflict in a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Klein v. Oakland/Red Oak Holdings*, 294 Neb. 535, 883 N.W.2d 699 (2016).

[2] In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of issues of law is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determinations of whether

- 916 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
STATE ON BEHALF OF LOCKWOOD v. LAUE
Cite as 24 Neb. App. 909

a party is in contempt and of the sanction to be imposed is reviewed for abuse of discretion. *Martin v. Martin*, 294 Neb. 106, 881 N.W.2d 174 (2016).

## ANALYSIS

### Additional Evidence at Exception Hearing to Referee's Report

The State contends the district court abused its discretion when it did not receive or consider the additional evidence regarding Lockwood's period of nonpayment and wage earning history presented by the State at the exception hearing.

Regarding the assignment of a case to a child support referee, the right to file an exception to the referee's recommendations, and the district court's adoption or rejection of the referee's recommendation, Neb. Rev. Stat. § 43-1613 (Reissue 2016) provides:

> In any and all cases referred to a child support referee by the district court . . . the parties shall have the right to take exceptions to the findings and recommendations made by the referee and *to have a further hearing* before such court for final disposition. The court upon receipt of the findings, recommendations, and exceptions shall review the child support referee's report and may accept or reject all or any part of the report and enter judgment based on the court's own determination.

(Emphasis supplied.)

Moreover, Neb. Ct. R. § 4-110 provides further guidelines when a party exercises the right to take exception following the recommendations made by the child support referee. Section 4-110 states:

> In all cases referred by a child support referee, the parties shall have the right to take exception within 14 days to the findings and recommendations of the referee and to have a review by the district court before final

- 917 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
STATE ON BEHALF OF LOCKWOOD v. LAUE
Cite as 24 Neb. App. 909

disposition. Upon receiving the findings and recommendations, the district court shall conduct a review on the report of the referee and in the court's discretion may ratify or modify the recommendations of the referee and enter judgment based thereon, with the rights of appeal and to move for rehearing reserved to all parties.

[3,4] Upon receipt of a child support referee's findings and recommendations, the district court is provided the opportunity to have a further hearing and review regarding the recommendation, and has the ability to accept or reject all or any part of the report before its final disposition in ratifying or modifying the recommendations of the referee. While we have found no statutory authority which specifically authorizes or does not authorize the propriety of receiving new evidence in the district court, the statutory language states that after the report of the referee is filed and an exception is filed, the district court conducts a further hearing. This is an equitable action, and the district court is vested with broad equitable powers and discretion to fashion appropriate relief in equity cases. See *City of Beatrice v. Goodenkauf*, 219 Neb. 756, 366 N.W.2d 411 (1985) (action in equity vests trial court with broad powers authorizing any judgment under pleadings). We note that an evidentiary hearing or trial before a district court has been held in some instances prior to final disposition. See, *State on behalf of Joseph F. v. Rial*, 251 Neb. 1, 12, 554 N.W.2d 769, 777 (1996) (appellant "fails to direct us to any part of the record *where the district court or the district court referee* refused to allow [him] to testify or present evidence in support of [retroactive child support]") (emphasis supplied); *Dike v. Dike*, 245 Neb. 231, 512 N.W.2d 363 (1994) (following referee's recommendations, district court held evidentiary hearing); *State on behalf of Dady v. Snelling*, 10 Neb. App. 740, 741, 637 N.W.2d 906, 908 (2001) (appellant "filed an exception to the referee's report, and a trial was conducted before the district court").

- 918 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
24 NEBRASKA APPELLATE REPORTS
STATE ON BEHALF OF LOCKWOOD v. LAUE
Cite as 24 Neb. App. 909

[5-7] Based upon our review of the statute and current case law, we determine that because this is an equitable action, it is within the discretion of the district court to allow the presentation and receipt of new or additional evidence at an exception hearing upon receiving the referee's findings and recommendations. Both § 43-1613 and § 4-110 provide that the referee's recommendation is a nonbinding recommendation, and the final determination is left to the district court. As the district court is provided the discretion to accept or reject all or any part of the referee's report and ratify or modify the referee's findings and recommendations, so shall the district court in a court of equity have the discretion to receive additional or new evidence at an exception hearing.

[8,9] As mentioned previously, there is no statutory authority on whether the district court can receive additional evidence at an exception hearing or whether it is a hearing de novo on the record. The authority suggests that when a referee makes a report and no exception is filed, the district court reviews the referee's report de novo on the record. However, if an exception is filed, the party filing an exception is entitled to a hearing and the district court as a court of equity has the discretion to allow the presentation of new or additional evidence. In this case, the district court did not receive or consider any additional evidence presented by the State at the exception hearing, stating that it was "irrelevant." The State made an offer of proof regarding the additional evidence it wished the district court to consider. However, this additional evidence was cumulative, particularly because, at oral argument, the State acknowledged that the evidence in their offer of proof was not as strong in comparison to Lockwood's admissions.

Based upon the review of the totality of the evidence and the State's offer of proof, we find that the district court's determination in denying the State's request to offer additional evidence consisting of Lockwood's pay history and wage history at the exception hearing was not error.

- 919 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
STATE ON BEHALF OF LOCKWOOD v. LAUE
Cite as 24 Neb. App. 909

### Factual Findings Regarding Lockwood's Ability to Pay Child Support and Determination That Lockwood Was Not in Contempt of Court

The State contends the district court abused its discretion by not finding Lockwood in contempt of court, particularly after all of the facts presented to the court showed that Lockwood overstated the time she spent in jail and admitted to bartering her earnings in exchange for reduced rent. Additionally, the State argues that the district court erred in its factual findings that Lockwood had no present ability to pay child support.

Given our review of the record, the State's offer of proof, and the totality of the evidence, we cannot say that the court erred in its factual findings. And, given these findings, we cannot say that the court erred in determining Lockwood was unable to pay child support and was not in contempt of court. Therefore, we find the State's assertions to be without merit.

### CONCLUSION

We conclude the district court did not err in denying the State's request to present additional evidence at the exception hearing regarding Lockwood's period of nonpayment and wage earning history. Accordingly, we affirm the district court's order finding that Lockwood was not in contempt for failing to pay court-ordered child support and refusing to allow the State to present additional evidence at the exception hearing to the referee's report.

Affirmed.