Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/08/2018 09:10 AM CDT

STATE OF NEBRASKA ON BEHALF OF THE STATE OF
INDIANA AND FERNANDO L., A MINOR CHILD,
APPELLEE, v. ROGELIO L., APPELLANT.
___ N.W.2d ___

Filed March 16, 2018.    No. S-17-348.

1. **Modification of Decree: Child Support: Appeal and Error.** Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion.

2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

3. **Child Support: Rules of the Supreme Court: Appeal and Error.** Interpretation of the Nebraska Child Support Guidelines presents a question of law. An appellate court resolves questions of law independently of the lower court's conclusion.

4. **Child Support: Rules of the Supreme Court.** In calculating a parent's child support obligation, the Nebraska Child Support Guidelines permit a court to deduct a parent's obligation to support subsequent children from his or her monthly income in some circumstances.

5. ____: ____. The Nebraska Supreme Court interprets the expression "subsequent children" in Neb. Ct. R. § 4-220 to mean children born after an existing support order.

6. **Modification of Decree: Child Support: Proof.** A party seeking to modify a child support order must show a material change in circumstances which (1) occurred subsequent to the entry of the original decree or previous modification and (2) was not contemplated when the decree was entered.

7. **Child Support: Rules of the Supreme Court: Taxes.** In calculating a parent's monthly net income for child support purposes, Neb. Ct. R.

- 330 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
STATE ON BEHALF OF FERNANDO L. v. ROGELIO L.
Cite as 299 Neb. 329

§ 4-205(A) (rev. 2016) allows a deduction for taxes, as established by standard deductions applicable to the number of exemptions provided by law.

8. **Appeal and Error.** An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it.

Appeal from the District Court for Adams County: Terri S. Harder, Judge. Affirmed in part, and in part reversed and remanded with directions.

Jamie L. Arango, of Arango Law, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and James D. Smith for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ.

Miller-Lerman, J.

## INTRODUCTION

Rogelio L. appeals the order of the district court for Adams County that dismissed his March 2, 2016, complaint for a downward modification of his child support obligation to his son, Fernando L., originally ordered at $388 per month on August 18, 2010. The district court concluded that Rogelio had not shown a material change in circumstances warranting a reduction in his monthly child support obligation to Fernando. No tax returns or financial documents were in evidence; Rogelio testified about his income and admitted that he did not pay taxes. The district court determined that Rogelio should not receive any deduction from his total monthly income for taxes. The district court also found that Rogelio's three "after-born" children could not be used to lower his child support obligation to Fernando. Rogelio appeals. We find no error in the district court's determination regarding taxes and affirm this ruling. However, because we conclude that the district court based its child support calculation on an incorrect understanding of the birth order of Rogelio's children relative to Fernando and the 2010 child

support order, we reverse this aspect of the order and remand the cause with directions.

## BACKGROUND

### 2010 ORDER

In 2010, the State brought an action against Rogelio pursuant to the Uniform Interstate Family Support Act to establish Rogelio's paternity of and child support obligation to his son Fernando, who was born in June 2004 and lived with his mother in Indiana. In an order filed August 18, 2010, the district court for Adams County found that Rogelio was Fernando's father and ordered him to pay child support of $388 per month. The district court based its calculation on Rogelio's net monthly income of $1,291.31, which took into account his regular support of two other children. While the original support order did not include the names or ages of these other children, it is apparent from the record as a whole that they are Sheryl L., born in 2007, and a son, born in 2009. The record indicates, but does not explicitly state, that Rogelio's son born in 2009 died in 2012.

### 2016 COMPLAINT

On March 2, 2016, Rogelio filed a complaint for modification of his child support obligation to Fernando. He alleged that there had been a material change in circumstances, because his income had decreased by amount that would reduce his child support obligation by at least 10 percent and because his income fell below the federal poverty guidelines. See, Neb. Ct. R. § 4-217; Neb. Ct. R. § 4-218 (rev. 2018).

### 2016 REFEREE REPORT

The matter was referred to a child support referee who conducted a hearing and prepared a report. The bill of exceptions from the hearing is not in the record before us. However, the referee's report, filed October 31, 2016, recounted Rogelio's testimony that he netted $400 per week (projected as $1,733.33 per month) working as a handyman and that he paid no

taxes—income taxes or payroll taxes—on this income. The referee stated that according to Rogelio, he had "one older child than the child at issue in this action," which "older child" was "8 years old," as well as two younger children, ages 1 and 2. As an aside, we note that Fernando, born in June 2004, was 12 years old at the time of the referee's report, making the finding that an "8-year-old" was "older" inaccurate.

Using a net monthly income of $1,733.33 and applying a setoff for regular support of the "8-year-old" child, but not for the two younger children, the referee reduced Rogelio's child support obligation to Fernando from $388 per month to $346 per month. The referee, however, rejected Rogelio's arguments that he should receive a deduction for his income tax liability and that his income fell below the poverty level.

## 2017 District Court Order

Rogelio filed exceptions to the referee's report that had recommended a reduction of his child support from $388 to $346 per month. He requested that the district court reverse and vacate the referee's report. Rogelio alleged, inter alia, that the referee was mistaken in the birth order and ages of his children and the application of poverty guidelines. A hearing was conducted on February 28, 2017, and the record of that hearing has been submitted to us. At that hearing, Rogelio testified and the district court received evidence consisting of three birth certificates and several child support calculations. Rogelio did not offer the bill of exceptions from proceedings with the referee. Ultimately, the district court dismissed Rogelio's complaint in an order filed March 17, 2017, from which this appeal is taken.

At the hearing on the matter on February 28, 2017, Rogelio clarified the birth order and ages of his children. He produced evidence that at the time of the hearing, he and his current spouse had three children, all of whom were born after Fernando's birth in 2004. The birth years of the other children are: 2007, 2014, and 2015. The record indicates that Fernando also had another child, a son born in 2009, who died in 2012.

- 333 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
STATE ON BEHALF OF FERNANDO L. v. ROGELIO L.
Cite as 299 Neb. 329

We summarize the evidence concerning these children again in the analysis below. Taking the record as a whole, the evidence shows that Fernando and two other children were born before the 2010 child support order; support for the two other children was included in the 2010 child support calculation; one of those two other children died after the 2010 order but before the current modification proceedings; and, in addition, two children were born after the 2010 child support order.

Rogelio testified that healthcare for Fernando's three surviving half siblings is covered by Medicaid and that Rogelio's spouse was not employed but was able to work.

At the hearing, Rogelio testified that he formerly worked for a company that paid him $15 per hour and withheld taxes from his paycheck. However, he testified that at the time of this hearing, his current employer paid him $10 per hour in cash for working 40 hours per week and he does not pay any taxes. He stated he understood that he was required by law to pay taxes and that if he did not do so now, he would be forced to do so in the future.

As noted, the record does not contain any income tax returns or pay stubs, but the district court received proposed child support calculations offered by Rogelio and the State. Rogelio's calculations deducted amounts for taxes to determine his net monthly income. The State's calculations did not deduct taxes, and the district court adopted the State's calculations.

In an order filed March 17, 2017, the district court dismissed Rogelio's request for modification. Regarding the children, it concluded that there were certain factual errors in the referee's report regarding their ages and birth order. Specifically, the district court noted that Fernando was the oldest of Rogelio's children. But it found that all of Rogelio's other children were "after-born," presumably in relation to Fernando and after the existing 2010 child support order. Based on this finding, the district court made no deduction for Rogelio's other children either as "Child Support Previously Ordered" or as "Regular Support." Regarding taxes, the district court rejected Rogelio's argument that although he does

not pay taxes, he should receive a deduction from his total monthly income for the taxes he should be paying. That is, like the referee, the district court adopted the State's position that Rogelio should not receive a deduction for taxes he does not pay.

With these determinations in mind, the district court recalculated Rogelio's child support obligation for Fernando. It concluded that Rogelio's obligation should have increased rather than decreased, because he could not receive a deduction for support of his other children and because, without a deduction for taxes, his monthly net income had actually increased. Rogelio appeals from the March 17, 2017, order.

## ASSIGNMENTS OF ERROR

Rogelio claims, combined and restated, that the district court erred when it (1) performed child support calculations based on incorrect findings regarding the children's birth order and existing child support and (2) failed to deduct his tax liability from his monthly income. He also contends that a poverty assessment of his circumstances should be made in this case.

## STANDARDS OF REVIEW

[1,2] Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Pearson v. Pearson*, 285 Neb. 686, 828 N.W.2d 760 (2013). A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Schwarz v. Schwarz*, 289 Neb. 960, 857 N.W.2d 802 (2015).

[3] Interpretation of the Nebraska Child Support Guidelines presents a question of law. *Schwarz v. Schwarz, supra*. We resolve questions of law independently of the lower court's conclusion. *Id.*

## ANALYSIS

### Child Support and Other Children

Rogelio contends that the district court erred in performing child support calculations based on incorrect findings regarding the children's birth order. He claims that the district court erred when it failed to distinguish between children born after Fernando but before the 2010 child support order and children born subsequent to the 2010 child support order. Given the record, we agree that the district court erred.

[4] In calculating a parent's child support obligation, the Nebraska Child Support Guidelines permit a court to deduct a parent's obligation to support subsequent children from his or her monthly income in some circumstances. Neb. Ct. R. § 4-205(E) (rev. 2016) provides that "[s]ubject to § 4-220, credit may be given for biological or adopted children for whom the obligor provides regular support." Neb. Ct. R. § 4-220 sets forth a limitation on credit for support of subsequent children:

> An obligor shall not be allowed a reduction in an existing support order solely because of the birth, adoption, or acknowledgment of subsequent children of the obligor; however, a duty to provide regular support for subsequent children may be raised as a defense to an action for an upward modification of such existing support order.

[5,6] Based on our reading of § 4-220, we interpret the expression "subsequent children" to mean children born after an existing support order. This interpretation of "subsequent children" is consistent with the jurisprudence of modification, which contemplates a circumstance that was not present at the time of the original decree. It is well settled that a party seeking to modify a child support order must show a material change in circumstances which (1) occurred subsequent to the entry of the original decree or previous modification and (2) was not contemplated when the decree was entered. *State on behalf of B.M. v. Brian F.*, 288 Neb. 106, 846 N.W.2d 257

- 336 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
STATE ON BEHALF OF FERNANDO L. v. ROGELIO L.
Cite as 299 Neb. 329

(2014). And our understanding of "subsequent children" as children born after the existing support order is borne out in our case law. See, e.g., *Wilkins v. Wilkins*, 269 Neb. 937, 697 N.W.2d 280 (2005) (regarding child born after existing support order as subsequently born child for purposes of paragraph T of guidelines, predecessor to § 4-220).

In this case, the district court referred to all of Rogelio's children, other than Fernando, as "after-born" and, therefore, concluded that Rogelio could not use them in a calculation to lower his support. In essence, the district court classified all three of Rogelio's children who were younger than Fernando as children born subsequent to the existing support order for the purposes of § 4-220. As Rogelio points out, since Sheryl was born in 2007, this finding is inconsistent with the evidence; and it shows an incorrect reading of the 2010 support order.

Taking the record as a whole, the birth order of Rogelio's children, relative to the original 2010 support order for Fernando, is as follows:

| Date | Event |
|---|---|
| June 2004 | Fernando born |
| December 2007 | Sheryl born |
| 2009 | Unnamed son born |
| August 18, 2010 | Order of child support for Fernando |
| 2012 | Unnamed son dies |
| August 2014 | Zoey L. born |
| August 2015 | Roy L. born |

We note that the existing 2010 child support order showed deductions for the regular support of two children; given the record, the two children must be Sheryl, born in 2007, and a son who was born in 2009 and died in 2012. Clearly, in 2017, the district court was correct in not considering a deduction for regular support of Rogelio's deceased son; however, the same cannot be said for Sheryl.

At its core, this case seeks to modify the 2010 order, which was premised on the existence of Fernando plus Rogelio's obligation to two other children. A trial court has discretion

- 337 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
STATE ON BEHALF OF FERNANDO L. v. ROGELIO L.
Cite as 299 Neb. 329

to choose whether and how to calculate a deduction for subsequent children. See, § 4-220; *Schwarz v. Schwarz*, 289 Neb. 960, 857 N.W.2d 802 (2015). However, in this case, the district court has mistakenly referred to Sheryl, whose existence and regular support was acknowledged in the 2010 order, as a child subsequent to the 2010 order. The district court did not incorporate or analyze Rogelio's entitlement to a deduction for Sheryl's support, as is allowed under the guidelines and as was done in the existing 2010 support order under review by the district court. We believe that the district court's misstatement of the facts led to an erroneous application of the relevant law and calls into question the soundness of the calculation upon which the district court's order is based. Consequently, we conclude that the district court abused its discretion and we reverse, and remand with directions to render a calculation based on the record, including evidence received at the hearing on February 28, 2017.

### Tax Liability

Rogelio asserts that the district court erred in declining to allow him a deduction from his total monthly income for taxes for which he was liable but did not pay. Due to a failure of proof, we find no error in the district court's treatment of Rogelio's tax liability in the 2017 order, and we affirm this aspect of the district court's order.

[7] In calculating a parent's monthly net income for child support purposes, § 4-205(A) allows a deduction for taxes, as established by standard deductions applicable to the number of exemptions provided by law. The guidelines further provide that copies of at least 2 years' tax returns, financial statements, and current wage stubs should be furnished to the court for purposes of determining the parents' income in order to calculate child support. Neb. Ct. R. § 4-204 (rev. 2016); Neb. Ct. R. ch. 4, art. 2, worksheet 1 (rev. 2016). Our cases recognize that a failure to provide the proper documents limits the district court's analysis. See, e.g., *Henderson v. Henderson*, 264 Neb. 916, 653 N.W.2d 226 (2002).

In the instant case, Rogelio did not submit any tax returns or other documentary evidence of his wages at the time of the modification hearing before the district court. However, he did testify that he was paid $400 per week in cash and that he did not pay any taxes, although he acknowledged that he was required by law to pay them.

The record in *State on behalf of Andrew D. v. Bryan B.*, 22 Neb. App. 914, 864 N.W.2d 249 (2015), presented a circumstance involving a limited record. In that case, the father did not keep consistent business records and had not filed personal or business tax returns for several years. On appeal, the father claimed that the trial court erred in basing his income on speculation. In rejecting the father's contention, the Nebraska Court of Appeals observed, "[The father] put himself in the position in which he now claims error. There was no clear evidence of his income because he voluntarily failed to file tax returns . . . and does not keep reliable or complete business records." *Id.* at 922, 864 N.W.2d at 256.

We find the reasoning in *State on behalf of Andrew D. v. Bryan B., supra*, to be instructive here. Rogelio presented the district court with limited evidence upon which to base its child support calculations, and Rogelio's own testimony that he did not pay taxes supported the district court's refusal to deduct them from his income. Although at oral argument, Rogelio referred to income-related documents which were purportedly before the referee, Rogelio did not put the proceedings with the referee in evidence and they were therefore not available for the district court's or this court's consideration. Compare *State on behalf of Lockwood v. Laue*, 24 Neb. App. 909, 900 N.W.2d 582 (2017). Accordingly, the district court did not abuse its discretion when it declined to deduct Rogelio's tax liability from his monthly income and we affirm the portion of the district court's order concerning a deduction for taxes.

### POVERTY ASSESSMENT

[8] Rogelio claims that the district court erred when it did not consider the basic subsistence limitation set forth in

§ 4-218, which provides that a parent's support, child care, and health care obligation shall not reduce his or her net income below the federal poverty guidelines. Given that we have rejected the district court's child support calculation and, with the exception of the tax-related ruling, reversed the March 17, 2017, order and remanded the cause with directions, we need not consider this issue. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it. *In re Interest of Nicole M.*, 287 Neb. 685, 844 N.W.2d 65 (2014). However, following a child support calculation on remand in accordance with the guidelines, consideration of the basic subsistence limitation may be warranted.

## CONCLUSION

For the reasons stated above, we conclude that the district court did not err in its ruling regarding taxes and we affirm this portion of the order. However, we conclude that the district court abused its discretion in basing its child support calculation on a flawed understanding of the evidence regarding the birth order of the children and Rogelio's support obligations as required by the 2010 order, and we reverse, and remand with directions to enter an order in accordance with a child support calculation based on the record, including evidence received at the hearing on February 28, 2017.

Affirmed in part, and in part reversed
and remanded with directions.

Wright and Kelch, JJ., not participating.